276 P.2d 516

The STATE of Arizona, Appellee,

v.

Claude BENTON (Thomas Meyers),

Appellant.

No. 1055.

Supreme Court of Arizona.

Nov. 15, 1954.

86

Ross F. Jones, Atty. Gen., William Penn, Asst. Atty. Gen., for appellee.

Alan Philip Bayham, Phoenix, for appellant.

STANFORD, Justice.

This is an appeal from a purportedly illegal sentence of confinement in the state prison for not less than ten years nor more than fifteen years. Judgment was rendered and sentence imposed after appellant had pleaded guilty to the crime of fraudulent procurement of narcotic drugs in violation of Section 68–831, A.C.A.1939.

The one point of dispute is whether, under Chapter 57, Section 6, Laws 1952, now appearing as Section 68–834, A.C.A.1939, 1952 Cum.Supp., the lower court had power to impose a sentence of more than one year's imprisonment in the county jail when dealing, as in this case, with a first offender.

The provision we are asked to construe reads:

"68–834. Penalties.—A person who violates any provision of this act shall, upon conviction, be punished by a fine not exceeding fifty thousand dollars ($50,000) and imprisonment in the state prison for not more than twenty-five (25) years; *provided, however, that for the first offense the court may, in its discretion, impose a fine not exceeding one thousand dollars ($1,000), imprisonment in the county jail not exceeding one (1) year, or both.*" (Emphasis supplied.)

Appellant argues that since in the general clause the court has the power to impose a sentence of from $1 to $50,000 and from one day to twenty-five years in the state prison, the first offense proviso is mere surplusage unless construed as a specific limitation on the sentencing of all first offenders. If all-inclusive power was given in the general clause, it is asked, why was the special proviso added?

The answer is simple. While the crime described in Section 68–831, supra, is a felony if the punishment imposed be imprisonment under the general clause, the legislature intended to give the lower court discretion to make it a misdemeanor in the case of first offenders. The distinction be-

tween felonies and misdemeanors is set out in Section 43–109, A.C.A.1939:

"43–109. Crimes are either felonies or misdemeanors.—A felony is a crime which is punishable with death or by imprisonment in the state prison; every other crime is a misdemeanor. When a crime punishable by imprisonment in a state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

The meaning of this statute is clear: the place of punishment grades the crime—if in a state prison, it is a felony; if in the county jail, it is a misdemeanor. Gherna v. State, 16 Ariz. 344, 146 P. 494. (This decision involved the interpretation of identical language in Section 17 of the 1913 Penal Code.) In State ex rel. De Concini v. Sullivan, 66 Ariz. 348, 188 P.2d 592, 595, referring to the present statute, we said:

"The respondent having been sentenced to prison, his offenses must be characterized as felonies."

We therefore conclude that the first offense proviso gives an important discretionary power to the sentencing judge, and is not to be construed as binding in all cases.

An examination of the original wording of Section 68–834, Chapter 26, Section 34, Laws 1935, bears out our interpretation. There, it was mandatory that the first offense be a misdemeanor.

"68–834. Penalties.—Any person violating any provision of this act shall upon conviction be punished for the first offense by a fine of not less than five hundred ($500) nor more than one thousand dollars ($1,000), or by imprisonment in the county jail for not less than six (6) months nor more than one (1) year, or by both such fine and imprisonment; and for any subsequent offense, such person shall upon conviction be punished by a fine of not less than one thousand ($1,000) nor more than five thousand dollars ($5,000), or by imprisonment for not less than one (1) year nor more than ten (10) years, or by both such fine and imprisonment."

The 1952 amendment is more stringent in its penalties and gives the sentencing judge far greater discretion. This is consistent with the other amendments made in that year strengthening the provisions of the Narcotics Act. See Chapter 57 of the 1952 Session Laws. The interpretation which the appellant offers, on the other hand, would nullify completely that portion of the amendment which gives the sentencing judge discretion to make the first offense a felony or a misdemeanor.

The intention of the legislature as expressed in this statute being unambiguous, there is no need to consider the cases out-

88

lining rules of statutory construction which were offered by the appellant.

Judgment affirmed.

PHELPS, C. J., and LA PRADE, UDALL, and WINDES, JJ., concurring.