307 P.2d 914

In the Matter of Steven Reyes GUTIERREZ for writ of Habeas Corpus.

STATE of Arizona, Appellee,

v.

Steven Reyes GUTIERREZ, Appellant.

No. 6339.

Supreme Court of Arizona.

Feb. 26, 1957.

Lawrence Ollason, Tucson, for appellant.

Robert Morrison, Atty. Gen., James H. Green, Jr., Sp. Asst. Atty. Gen., for appellee.

PHELPS, Justice.

The County Attorney filed an information in Pima County against the petitioner herein, charging him with unlawfully dispensing narcotics, to wit: Heroin, all in violation of section 68–803, A.C.A.1939, as amended [A.R.S. § 36–1002].

The petitioner, after a plea of not guilty, was tried, convicted and sentenced to a term of from nine to twelve years in the Arizona State Prison, pursuant to section 68–834, A.C.A.1939, as amended, 1952 Cum.Supp. [A.R.S. § 36–1020]. The cause was appealed to this Court and judgment affirmed, 306 P.2d 634. The constitutionality of the act, under which he was convicted, was not raised on that appeal.

The pertinent provisions of the statute, supra, are as follows:

"Penalties.—A person who violates any provision of this act shall, upon conviction, be punished by a fine not exceeding fifty thousand dollars ($50,-000) and imprisonment in the state prison for not more than twenty-five (25) years; provided, however, that for the first offense *the court may, in its discretion, impose a fine not exceeding one thousand dollars ($1,000)*, imprison-

-ment in the county jail not exceeding one (1) year, or both." (Emphasis supplied.)

Petitioner thereafter made an application for a writ of habeas corpus in the county of Pinal, being the county where he was incarcerated in the State prison. The writ was issued and a hearing had thereon, after which it was quashed. This action gave rise to the instant appeal.

Appellant argues that the trial court erred in quashing the writ of habeas corpus on the grounds that:

1. The statute, section 68–834, supra, under which the defendant was convicted, provides for different degrees of punishment for different persons and thereby operates as a denial of the equal protection of the laws under the 14th Amendment of the U. S. Constitution.

2. Said statute fails to inform the accused with reasonable certainty of what crime he has been accused and therefore violates the due process clause of the 14th Amendment of the federal constitution.

3. That the legislative power of the state is vested in the legislature (no exceptions noted) and that it may not divest itself of such function or delegate it to the judiciary.

The act itself (known as the Uniform Drug Narcotic Act) [A.R.S. § 36–1001 et seq.] does not designate the character of the offense with which appellant was charged as being either a felony or a misde-

meanor, but section 43–109, A.C.A.1939, now section 13–103, A.R.S.1956, defines both felonies and misdemeanors as follows:

"Crimes are either felonies or misdemeanors.—A felony is a crime which is punishable with death or by imprisonment in the state prison; every other crime is a misdemeanor. When a crime punishable by imprisonment in a state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, *it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison.*" (Emphasis ours.) Cf. State **v.** Benton, 78 Ariz. 85, 276 P.2d 516.

We have examined all of the statutes in the various states of the union relating to the Uniform Narcotic Drug Act and while our statute purports to conform with that act, we have found only six states in which the punitive clause is at all like ours and the constitutionality thereof has not been raised in those states. We have not found any decisions on the constitutionality of the act based upon the penal clause in any other state.

We will first consider the charge that it operates as a denial of the equal protection of the law under the 14th Amendment to the federal constitution. We see no merit to this claim. Although the fixing of the punishment for the commission of a crime is purely legislative, the pronounce-

ment of the judgment of conviction and the imposition of sentence of punishment thereon, according to the legislative mandate, is a judicial function in Arizona. Section 13-1643, A.R.S.1956, providing for an indeterminate sentence, was enacted by our legislature as Chap. 46, p. 201, sec. 1 of Laws 1912, and became section 1127 of the revised statutes of Arizona, 1913 Penal Code. This act vested in the court the power and mandatory duty to impose an indeterminate sentence in all felony cases except murder in the first degree. The validity of this statute has never been, and could not be, successfully questioned and in principle it does not differ so far as the equal protection of the law is concerned, from the statute involved in the instant case. State v. Mulcare, 189 Wash. 625, 66 P.2d 360; Mutart v. Pratt, 51 Utah 246, 170 P. 67.

Under the indeterminate sentence act two persons may jointly commit a felony punishable by imprisonment of one to ten years and the court could sentence one of them (a first offender) one to five years, and to the other (a recidivist having a long criminal record) a sentence of five to ten years, is specifically authorized and it does not in anywise violate the equal protection clause of the federal constitution. Under the provisions of section 13-1657, A.R.S.1956, the court could have suspended the imposition of sentence altogether as to the first offender. If the right to impose the lighter sentence in the instant case violates the equal protection clause of the federal constitution, the suspension of imposition of sentence in a felony case constitutes a more flagrant violation of that clause.

The appellant argues however, that the instant case is easily distinguishable from the illustration above cited, for the reason that in the instant case the offense is reduced from a felony to a misdemeanor by the judicial branch of government and that this is a legislative function. This is not quite correct. I repeat, the imposition of punishment fixed by the legislature is a judicial function in Arizona. Under the express authority of the legislature, the court is vested with power, in its discretion, to fix the punishment by imprisonment in the county jail and again by the express provisions of the act, the legislature declares that where a judge does impose such punishment, that *after judgment,* the offense shall be deemed to be a misdemeanor. The legislature, not the court, has fixed the character of the offense, therefore, there is no delegation of legislative authority.

California has an identical statute, West's Ann.Pen.Code, § 17, with section 13-103, supra, and while it has not had occasion to consider its constitutionality it held in Frankfort v. Superior Court, 71 Cal.App. 357, 235 P. 60, and in People v. Graff, Cal. App., 300 P.2d 837, 841, in passing upon the discretionary clause thereof, that a violation of the act is:

"* * * considered as a felony for every purpose up to the judgment and by a judgment other than imprisonment in the State prison it loses that character prospectively only, without retroactive effect. * * *"

We agree with this holding that a violation of the statute is a "felony" for every purpose up to judgment, consequently, there is no merit to appellant's contention that the statute lacks reasonable certainty and violates due process.

The order quashing writ is affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER, and LA PRADE, JJ., concur.