360 P.2d 479

**STATE of Arizona, Appellee,**

v.

**Oscar CASTANO, Appellant.**

No. 1184.

Supreme Court of Arizona.

March 22, 1961.

**232**

Gibson & Gibson, Phoenix, for appellant.

Wade Church, former Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles C. Stidham, former County Atty., Richard S. Alleman, Deputy County Atty., for appellee.

JENNINGS, Justice.

Appellant (hereinafter called defendant) pleaded guilty to illegal possession of narcotics, and after a hearing on mitigation was sentenced to 10 to 12 years in the State prison. Defendant appeals on the grounds that the sentence was excessive and by reason thereof sentence was unconstitutional in that it constituted (a) cruel and unusual punishment, (b) a loss of liberty without due process and (c) a denial of equal protection of the laws.

During the hearing it was shown that the defendant had been under surveillance for two years as a strong suspect in selling narcotics to juveniles. It was also brought out at the hearing that the defendant had made a sale of narcotics (heroin) to a state agent on April 19, 1960. In addition, the hearing disclosed that the defendant had sold narcotics (heroin) to a state agent on April 20, 1960. The ultimate offense of which the defendant was charged and to which he pleaded guilty was possession of narcotics (heroin) on April 20, 1960. A. R.S. § 36–1002, describes the offense and A.R.S. § 36–1020 provides a maximum penalty of twenty-five years and a fine of $50,-000.

■ Defendant contended that the sentence should be modified by this Court under A.R.S. § 13–1717, subsection B, which states:

"Upon an appeal from the judgment or from the sentence on the ground

that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

However, it is a cardinal principle that the penalty upon conviction of a crime is, within the limits of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Moody, 67 Ariz. 74, 190 P.2d 920; Chee v. State, 65 Ariz. 147, 176 P.2d 366.

Where a discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of both the offense and of the party convicted. State v. Fenton, 86 Ariz. 111, 119, 341 P.2d 237; State v. Smith, 66 Ariz. 376, 189 P.2d 205; State v. Levice, 59 Ariz. 472, 130 P.2d 53.

Undoubtedly the trial court took into consideration, among other factors, defendant's lack of prior felony convictions, his criminal propensity, namely, his sale of narcotics the day before the offense charged, the fact that the possession to which defendant pleaded guilty also involved a sale of narcotics (one of $20 worth of heroin), and that he was a peddler, not an addict.

The defendant has suggested that because this is his first conviction of a felony he should be entitled to a minimum sentence. This is not correct. State v. Douglas, 87 Ariz. 182, 349 P.2d 622. The sentence for a first offense of violation of the narcotic act is within the discretion of the sentencing court. There is no requirement that a first offender be given a minimum sentence. State v. Benton, 78 Ariz. 85, 276 P.2d 516.

Defendant further contended that his sentence of 10 to 12 years on a conviction of illegal possession of narcotics constitutes cruel and unusual punishment under Article 2, § 15 of the Arizona Constitution, A.R.S. However, State v. Kimbrough, 212 S.C. 348, 46 S.E.2d 273, expressing the weight of authority on the subject provides that where the statute fixing punishment for an offense is not unconstitutional, a sentence within the limits prescribed by such statute will not be regarded as cruel and unusual. Blue v. State, 224

Ind. 394, 67 N.E.2d 377, certiorari denied 330 U.S. 840, 67 S.Ct. 976, 91 L.Ed. 1286; State v. Welch, 232 N.C. 77, 59 S.E.2d 199; State v. Stansbury, 230 N.C. 589, 55 S.E.2d 185.

In State v. Taylor, 82 Ariz. 289, 294, 312 P.2d 162, 166, we said:

" * * * As long as the punishment is approximately proportionate to the type of crime and not so severe as to shock the moral sense of the community, its extent is necessarily within the discretion of the Legislature. 15 Am.Jur. Criminal Law, sec. 524. * * * "

■ The defendant next contended that the sentence imposed upon him deprives him of liberty without due process of law and is in violation of the federal and state constitutions, and that it denied him equal protection under the law. We have heretofore held that the penalty provision of the Uniform Narcotic Drug Act (A.R.S. § 36–1020) does not violate due process, nor is it a violation of equal protection of the laws. State v. Gutierrez, 82 Ariz. 21, 307 P.2d 914.

■ The fact that others apparently less worthy than defendant have received less punishment does not constitute a denial of the constitutional right of due process, nor does it constitute a violation of equal protection of the laws. State v. Douglas, supra.

Although not universally applicable to all crimes, our statutes, in most instances, provide for indeterminate sentences with power vested in the trial court to affix the sentence within statutory limits or, in the court's discretion suspend the sentence and grant probation. The theory underlying this discretionary function of the court is simply that the punishment should fit the offender rather than the crime. This allows the element of mercy to temper justice and entrusts grave responsibility to the trial judge whose valued judgment on the human being in the matter is virtually unreviewable as was stated in State v. Douglas, supra.

In consequence, although the trial court's disposition of the instant case was not as lenient as the defendant had hoped, it cannot be said that the human element in the final act of criminal justice was an abuse of the court's discretion.

Accordingly the judgment and sentence of the trial court are affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.