370 P.2d 287

**STATE of Arizona, Appellee,**

**v.**

**Victor Ross KILLIAN, Appellant.**

**No. 1210.**

Supreme Court of Arizona,

In Division.

March 28, 1962.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles N. Ronan, County Atty., Phoenix, for appellee.

Tenney & Pearson, Phoenix, for appellant.

DEDDENS, Judge of the Superior Court.

Appellant (hereinafter called defendant) pleaded guilty to the crime of illegal possession of marijuana and was sentenced to seven to ten years in the State Prison, beginning April 17, 1961. He was promptly committed. The sentence was imposed under A.R.S. § 36–1020 (1956) which reads as follows:

"A person violating any provision of this article shall, upon conviction, be punished by a fine not exceeding fifty thousand dollars and imprisonment in the state prison for not more than twenty-five years, but for the first offense the court may, in its discretion, impose a fine not exceeding one thousand dollars, imprisonment in the county jail not exceeding one year, or both."

In this appeal defendant requests this court to review and modify the sentence in accordance with the provisions of A.R.S. § 13–1717, subd. B (1956) which states:

"Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

Defendant contends that this court should consider the sentence de novo and requests that it be reduced to a sentence of not more than one year in the county jail as a misdemeanor, this being the defendant's first conviction. The State contends that sentencing a defendant in a criminal case is within the discretion of the trial court, within the limits of the statute, and no modification can be made by this court unless it finds there was an abuse of discretion.

**142**

The law on this subject has been well settled in Arizona and we can do no better than quote from the recent case of State v. Castano, 89 Ariz. 231, 360 P.2d 479, 480, in which this court said:

"Defendant contended that the sentence should be modified by this court under A.R.S. § 13–1717, subsection B, * * *. However, it is a cardinal principle that the penalty upon conviction of a crime is, within the limits of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Moody, 67 Ariz. 74, 190 P.2d 920; Chee v. State, 65 Ariz. 147, 176 P.2d 366.

"Where a discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of both the offense and of the party convicted. State v. Fenton, 86 Ariz. 111, 119, 341 P.2d 237; State v. Smith, 66 Ariz. 376, 189 P.2d 205; State v. Levice, 59 Ariz. 472, 130 P.2d 53."

The sentence of a defendant being within the discretion of the trial court, there is no requirement that a first offender be given a minimum sentence. State v. Castano, supra; State v. Benton, 78 Ariz. 85, 276 P.2d 516 (1954). Likewise the power given this court to revise and reduce sentences imposed by the trial courts should be used with great caution and exercised only when it clearly appears a sentence is too severe. State v. Fenton, 86 Ariz. 111, 120, 341 P.2d 237 (1959).

We must thus inquire into the circumstances of the offense charged, and the moral character and past conduct of the defendant herein, as the same appears from the record of the case, and ascertain whether there may have been an abuse of discretion in imposing a sentence of seven to ten years upon a nineteen year old youth being sentenced for his first offense.

Defendant's mother and father were divorced when he was about three years old and he lived in the custody of his mother until he was about eight. From that time on he lived mostly with his parental grandmother and an aunt, but at times also with his father. He attended about two and a half years of high school in Phoenix and then quit to go to work as a carpenter with his father, a general contractor, to learn a trade and earn his living.

Early in life he developed asthma and hay-fever and, after a spot was discovered

on his lungs he spent some months at the Tuberculosis Sanitarium at Tempe. At the age of seventeen he and two other boys blew up a Maricopa County road grader, a car and a pickup truck with dynamite that one of the boys had stolen from the place where he worked. For this offense defendant's father was required to pay approximately $3000 for the damage; defendant worked for his father to pay back this loss. He was placed on probation for one year but later his probation was revoked and he was sent to Fort Grant for three months until he became eighteen.

At eighteen he married and divorced one week later. Subsequently, he married again and likewise divorced again. One child was born of the latter marriage. He has never been in the military service.

On May 31, 1960 a direct information was filed against the defendant charging him and another youth with four counts of contributing to the delinquency of minors. These charges arose out of a trip which the defendant took, together with six juveniles between the ages of fifteen and eighteen years, to Nogales, Sonora, Mexico, where, according to police reports in the file the defendant purchased a two and one half pound brick of marijuana and one of the three girls hid the marijuana under her dress to smuggle it across the border. This occurred on or about May 20, 1960. The juveniles returned to the defendant's home where the marijuana was divided among the group. The police report further indicates that one girl had received pills (Dexadrine, Deximil, and Benzadrine) from the defendant and two of his companions, and that the three girls who were along on the trip to Nogales admitted smoking marijuana with the defendant at his apartment.

At the time of this investigation by the police department the four charges of contributing to the delinquency of minors were filed and the defendant fled the State of Arizona to a relative's home in Texas. When his father learned of this situation he consulted with counsel and was advised to encourage the return of his son to face these charges. The defendant returned home of his own volition and at the request of his father he was presented to the office of the County Attorney for interrogation but was requested to come back at a later date for that purpose. For some reason, not clear in the record, he was never brought to trial on these charges.

In February 1961, while these charges were in abeyance, the defendant was arrested on a charge of grand theft of a motorcycle, and following this arrest the officers returned to the house where he had been staying and obtained permission of defendant's father to search the room in which he slept. There they found the following items between the mattress and box springs of defendant's bed: one bent teaspoon, one

eye dropper, one hypodermic needle and plastic box for same, one flip-top cigarette box containing nineteen hand rolled cigarettes and one plastic vial containing a narcotic.

Defendant was then charged with unlawful possession of narcotics, to wit, marijuana, waived preliminary hearing and upon consultation with his counsel entered a plea of guilty to this charge while the other charges against him were dismissed.

The original charge described the offense as a felony, but an amended information was filed leaving out the word "felony". At the time of sentence defendant's counsel made a plea for clemency expecting that the defendant would be sentenced for some period of time, within the limits of the statute, in the county jail on a misdemeanor charge, this being his first offense over the age of eighteen.

During the preparation of this appeal from the sentence, defense counsel examined the report made by the probation officer to the trial court, which included a narrative statement on the third page as follows:

"Listed in the police report is the statement of a seventeen year old girl who smoked a cigarette while on a date in North Mountain Park, which she states made her head swim and she lost all control and will power. While in this condition she was raped. After the act, she stated she became very sick and vomited. One month later she discovered she was pregnant. On this arrest the defendant was charged with four counts of CONTRIBUTING TO THE DELINQUENCY OF A MINOR. This case was dismissed by the County Attorney when the defendant pleaded guilty to the present charge."

Defense counsel argues that this report was worded in such a way as to indicate that defendant was responsible for the situation and had committed the acts therein referred to. An examination of the police report shows that a seventeen year old girl did make a report of such an incident, but the male companion whom she accused of rape was a different individual from the defendant and the event occurred in January, 1960, some five months prior to the trip to Nogales with the six juveniles as previously related, and about thirteen months prior to defendant's arrest on the unlawful possession charge. The only connection defendant had with that event was the fact that the male accused of committing the offense upon the seventeen year old girl was reported to have been at defendant's apartment about three weeks before the trip to Nogales at which time he gave a juvenile girl marijuana cigarettes to smoke.

We cannot say whether this paragraph in the report of the probation officer misled the learned trial judge into thinking that the defendant had sexual aberrations in addition to his other bad qualities and had been guilty of the crime of rape, but it is set up in the report in such a manner that one could be so misled.

Considering all the circumstances of the offense, the moral character and past conduct of the defendant, his physical condition and the fact that this was the first offense for which he was sentenced after he was past the age of eighteen, and considering the cooperative attitude of the defendant in entering a plea of guilty upon advice of counsel after the information had been amended by deleting the word "felony" therefrom, we believe that the imposition of a sentence of seven to ten years was an abuse of discretion.

Pursuant to the authority vested in this court, the judgment and sentence of the trial court is hereby reduced to not less than three nor more than five years; the date of the sentence is to begin running from April 17, 1961, the date fixed by the trial court. The judgment and sentence of the trial court is in all other respects affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concur.