391 P.2d 563

**STATE of Arizona, Appellee,**

v.

**John Ortega CORRALES, Appellant.**

No. 1313.

Supreme Court of Arizona,

In Division.

April 22, 1964.

Robert W. Pickrell, Atty. Gen., Phoenix, Norman E. Green, County Atty. of Pima County, Carl Waag, Deputy County Atty., Tucson, for appellee.

Martin H. Schulman, Tucson, for appellant.

LOCKWOOD, Vice Chief Justice:

John Ortega Corrales was charged with and convicted of the crime of robbery. This appeal resulted.

The facts are as follows: Shortly before midnight on August 27, 1961, a robbery occurred at the El Sudan Bar in Tucson. A short while later, a police officer stopped Corrales to check him out as a possible suspect in the armed robbery. Corrales at the time was driving a blue and white automobile.

At the trial, the State called three witnesses who were present at the time of the robbery: Lee H. Wood, bartender; Mary Wilson, barmaid; and Arleigh F. Waite, customer. The bartender testified that two armed men with handkerchiefs over their faces entered the bar. The bartender was forced to lie down on the floor while the men emptied the cash register and took his wallet. He testified that he did not get a good look at them because of the handkerchiefs. He also testified that about ten minutes before the robbery a two-tone automobile drove close to the front door. But he did not hear a car start up after the

robbers left and he was not sure of the model of car that drove up to the door.

The testimony of the barmaid was substantially similar to that of the bartender. Although she was unable to see the faces of the two robbers, she did identify the appellant on the basis of height, weight, and Mexican or Spanish appearance. She was unable to pick the appellant out of the first lineup, but did pick him out of the second. Part of her identification was that both the robber and the appellant needed a haircut.

The customer testified that he was forced to lie on the floor, face down. When a detective showed him several pictures of suspects, he did not make a positive identification of the defendant from the photographs. He was never asked to pick out the appellant from a lineup. On re-direct examination, the customer testified that the appellant looked like one of the robbers, but he did not make a positive identification.

Appellant now contends that the trial court committed reversible error in failing to give an instruction on the legal requirements for identification. The instruction requested by appellant and the refusal of which is assigned as error reads as follows:

"You are instructed that the possibility of human error or mistake and the probable likeness or similarity of objects and persons are elements that you must act upon in considering testimony as to identification. You must carefully consider these factors in passing upon the credibility that you attach to the witnesses' testimony and you must be satisfied beyond a reasonable doubt as to the accuracy of the witnesses' identification of the defendant."

The trial court's refusal to give the instruction was not error.

■ When examining instructions for error on appeal, this Court will consider the instructions as a whole. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960). In addition to the "identification" instruction which was refused, the trial judge gave the jury the following instructions:

"You are instructed before you can find the defendant guilty of the offense charged all material allegations alleged in the information must be proved beyond a reasonable doubt.

"The defendant is presumed to be innocent of the crime charged until his guilt is established by legal and competent evidence beyond a reasonable doubt.

"The defendant in a criminal case is never required to prove his innocence; the burden is upon the prosecution to prove the defendant guilty of the crime with which he is charged and to prove every element necessary to constitute the crime beyond a reasonable doubt, and if the jury cannot say after a care-

ful consideration of all of the evidence in this case that the guilt of the defendant has been thereby established beyond a reasonable doubt, it is your sworn duty to acquit the defendant."

\* \* \* \* \* \*

"You, ladies and gentlemen, are made by law the sole judges of the credibility of the witnesses in this case. In determining the credit to be given the witnesses you have a right to consider their manner and appearance while giving their testimony, their means of knowledge, any interest or motive, if such is shown, and the probability or improbability of the truth of their several statements when considered in connection with all the other evidence in the case. If you believe that any witness has willfully sworn falsely to any material fact in the case you have the right to wholly disregard the testimony of such witness except insofar as his or her statements may be corroborated . by other credible evidence in the case."

The requested instruction on "identification" would not have added anything to these general instructions given the jury. The trial court's references to the presumption of innocence, the necessity of proving "all material allegations," and the credit to be given witnesses would certainly have meaning for the jury as applied to the testimony of the "identity" witnesses. The weight to

be given the testimony of such witnesses is a matter for the determination of the jury or court trying the case. See State v. Dutton, 83 Ariz. 193, 318 P.2d 667 (1957).

Appellant also claims the trial court committed fundamental error by permitting cross-examination of the appellant as to a prior felony conviction. The record indicates that appellant's trial counsel made no objection to the admission of such evidence. This Court has repeatedly held that error on appeal may not be predicated on evidence admitted without objection in the trial court. See State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960). Moreover, there is nothing in the record to indicate that the prosecution was not prepared to prove the appellant's prior conviction if he had denied that he had such a record. The transcript contains the following testimony:

"Q. Mr. Corrales, have you ever been convicted of a felony?

"A. Yes, I have.

"Q. Were you not convicted of a felony known as the Dyer Act violation interstate transportation of a motor vehicle in Springfield, Illinois in 1954?

"A. Yes. I was sixteen years old then.

"Q. Were you found guilty, is that correct?

"A. I wasn't found guilty, sir, I told them I was guilty.

"Q. That was in a Federal court, was it not?

"A. Yes."

The general rule is that the state may ask the defendant, when he is a witness, whether he was previously convicted of a felony and the nature thereof. See State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081 (1959); State v. Polan, 78 Ariz. 253, 278 P.2d 432 (1954); Hadley v. State, 25 Ariz. 23, 212 P. 458 (1923); and West v. State, 24 Ariz. 237, 208 P. 412 (1922). The procedure followed by the trial court did not depart from the general rule. Appellant's assignment of error in this regard lacks merit.

 Appellant next claims the trial court erred in allowing the case to go to the jury in view of the identification testimony of Mary Wilson, the barmaid. When reviewing the sufficiency of evidence to sustain a conviction, this Court will view the evidence in the light most favorable to the state and will resolve all reasonable inferences unfavorably to the appellant-defendant. State v. George, 95 Ariz. 366, 390 P.2d 899 (1964). The barmaid's testimony, when viewed in such a light, justified the submission of the case to the jury. At the trial, she positively identified the appellant as one of the robbers.

The appellant also contends that the trial court committed error by the imposition of an excessive sentence. Appellant was sentenced to serve a term of not less than twenty and not more than thirty-five years in the Arizona State Penitentiary. A.R.S. § 13–643 provides that robbery shall be punished by imprisonment for not less than five years. The offense involved in the instant case is armed robbery. At appellant's arraignment, he admitted prior convictions of lewd and lascivious acts and of aggravated assault. At the trial in the instant case, the appellant admitted a prior conviction for violating the Dyer Act.

 The power given the Supreme Court to revise and reduce sentences imposed by the trial court should be used with great caution and exercised only when it clearly appears a sentence is too severe. State v. Guerrero, 58 Ariz. 421, 120 P.2d 798 (1942). Under the circumstances of the instant case, we think the sentence was not excessive.

Judgment affirmed.

UDALL, C. J., and JENNINGS, J., concur.