395 P.2d 711

STATE of Arizona, Appellee,

v.

Charles MONKS, Appellant.

No. 1402.

Supreme Court of Arizona.

In Division.

Oct. 14, 1964.

Richard J. Herbert, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Paul G. Rosenblatt, Asst. Atty. Gen., for the State.

SCRUGGS, Justice.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

Charles Monks, the defendant, was informed against for the crime of robbery by force, violence or fear. The arraignment was held on May 8, 1963, at which time defendant entered a plea of not guilty. The trial was had on June 25 and 26, 1963. The defendant was found guilty and was sentenced to serve a term of not less than thirty years nor more than thirty-five years in prison. It appeared that this was the defendant's third felony conviction in the State of Arizona. From the sentence, the defendant appealed.

The sole question presented to this Court is whether the trial court abused its discretion by imposing an excessive sentence upon the defendant. Defendant alleges that the sentence of thirty to thirty-five years is so severe that it shocks the moral sense of the community and clearly shows an abuse of discretion by the trial court.

As we stated in State v. Rubio, 95 Ariz. 1, 385 P.2d 1017, "The matter of sentencing is one left to the discretion of the trial judge and will not be modified except for abuse. Where the statute is constitutional under which a sentence is imposed, no sentence within the statutory limit is deemed to be cruel and unusual."

In a case wherein the defendant was convicted of robbery, and it was his third conviction of a felony, we held that a sentence of twenty to thirty years was not an abuse of discretion by the trial court. State v. Mahan, 92 Ariz. 271, 376 P.2d 132.

The statute under which this defendant was sentenced provides a penalty of imprisonment for not less than five years. A.R.S. § 13–643. There is no maximum limit fixed by law. The trial court had before it the record of defendant's prior felony convictions. That record shows that this was the defendant's third conviction of a felony within this state. We are of the opinion that there was no abuse of discretion in the sentence imposed by the trial court.

Judgment of the Superior Court is affirmed.

UDALL, C. J., and BERNSTEIN, J., concur.