397 P.2d 629

STATE of Arizona, Appellee,

v.

William Franklin CUZICK, Appellant.

No. 1421.

Supreme Court of Arizona.

En Banc.

Dec. 23, 1964.

Robert W. Pickrell, Atty. Gen., and Stirley Newell, Asst. Atty. Gen., for appellee.

John J. Murphy and Charles S. Pizzo, Phoenix, for appellant.

UDALL, Chief Justice.

This is an appeal by William Cuzick, hereinafter referred to as defendant, from

a judgment of conviction rendered on a plea of guilty to first degree burglary in the Superior Court of Maricopa County.

The facts necessary to this appeal are as follows: The defendant and another were arrested while in the act of forcing open the office safe at Money Oldsmobile in Phoenix. At his preliminary hearing on April 2, 1963, defendant was represented by private counsel. He was represented by his counsel at the arraignment which was held on April 22, 1963, at which time defendant entered a plea of not guilty to the charge of first degree burglary. Defendant was also represented by his counsel on several subsequent appearances relating to the case until September 23, 1963 when his attorney moved to withdraw. On September 25, defendant appeared without counsel. The motion of his counsel to withdraw was granted and the minute entry shows the defendant said he would represent himself. The minute entry of this date also shows that the County Attorney was permitted to file an amended information charging first degree burglary. Defendant, representing himself then withdrew his former plea of not guilty and entered a plea of guilty to the amended information. On October 17, 1963, defendant appeared without counsel and was sentenced. Defendant, through new private counsel, brought this appeal.

Defendant assigns error in the imposition of his sentence of five to eight years.

He contends the court erred in sentencing him without affording him the benefit of legal counsel and that the sentence is excessive.

■ It is well settled that in criminal prosecutions the Sixth Amendment's guarantee of right to counsel is carried full sweep to the states by the due process clause of the Fourteenth Amendment. State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). There is no question that a defendant has the right to assistance of counsel at the trial court level. In this case it would include his appearance in superior court on September 25, 1963, when he withdrew his not guilty plea and entered a guilty plea, and his subsequent appearance before the superior court for sentencing on October 17, 1963. State v. Anderson, supra. Gideon v. Wainwright, supra. The question thus narrows to whether the defendant intelligently and understandingly waived his constitutional right to counsel.

The record of the proceedings held on Sepetmber 25 consists of the minute entries by the clerk of the superior court. The entry of September 25 states in pertinent part:

"Joe Shaw is present for the State;

Deft. is present without counsel.

"ORDER granting Motion of Val Cordova to withdraw as attorney for the Defendant.

"Defendant states he will represent himself hereafter.

"County Attorney is permitted to file Amended Information charging Burglary (First Degree); a copy of which is furnished to the Defendant.

"At this time the defendant enters a plea of GUILTY to the Amended Information charging Burglary (First Degree).

\* \* \* \* \* \*"

■ Since his preliminary hearing, defendant had been represented by his attorney until the proceedings of September 25. On this date, his attorney was allowed to withdraw and the minute entry indicates defendant said he would represent himself. The record also indicates that the defendant was not without courtroom experience. In 1958 he was placed on five years probation for violation of the Dyer Act. In 1959, defendant was sentenced to three years for burglary. In 1961, he was sentenced to three years for theft. Giving consideration to all of the proceedings that transpired in the case prior to and including the proceeding of September 25, we believe it is shown that defendant knowingly and intelligently waived his right to counsel at that time.

Turning next to the sentencing which occurred on October 17, 1963, the minute entry shows that another judge of the superior court presided and the entry shows in pertinent part:

"State is represented by Ralph Fenderson, Deputy County Attorney. Defendant is present without counsel. The record may show that the Defendant is present in court without counsel, but that he was represented by counsel at the Preliminary Hearing and at the time of Arraignment.

\* \* \* \* \* \*"

There is no showing in the record that defendant changed his mind about representing himself subsequent to his waiver of counsel on September 25. This waiver would continue until defendant indicated a change of mind and requested counsel.

■ Defendant's other assignment of error alleges that his sentence was excessive. The matter of sentencing is one left to the discretion of the trial judge and will not be modified except for abuse. Where the statute is constitutional under which a sentence is imposed, no sentence within the statutory limit is per se deemed to be cruel and unusual. State v. Monks, 96 Ariz. 354, 395 P.2d 711 (1964); State v. Salinas, 95 Ariz. 62, 386 P.2d 790 (1963); State v. Rubio, 95 Ariz. 1, 385 P.2d 1017 (1963). The statute under which defendant was sentenced provides a penalty of imprison-

ment of one to fifteen years in the state prison. The sentence imposed of five to eight years is well within the statutory limits and in view of the fact this was defendant's fourth felony conviction in a period of five years, we cannot say that under the circumstances the court abused its discretion.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN, and SCRUGGS, JJ., concur.