403 P.2d 286

**STATE of Arizona, Appellee,**

**v.**

**Pedro Flores VALENZUELA, Appellant.**

No. 1428.

Supreme Court of Arizona.

En Banc.

June 16, 1965.

Darrell F. Smith, Atty. Gen., and Philip M. Haggerty, Asst. Atty. Gen., for the State, appellee.

Douglas O. Peterson, Phoenix, for appellant.

UDALL, Justice.

The defendant-appellant, Pedro Flores Valenzuela, was charged with first degree murder by Information filed in the Maricopa County Superior Court on July 19, 1963. One Frank Cota was a co-defendant. After one mistrial the case proceeded to trial on October 8, 1963. After the jury had been selected the county attorney made his opening statement. Counsel for defendant Valenzuela then made his opening

statement and thereupon the court recessed for the day.

The following morning Valenzuela notified the court, through counsel, that he wished to withdraw his plea of "not guilty" and to enter a plea of "guilty". Thereupon the record shows the following statements and answers made by the court and the defendant:

The Court: "Now, it has been brought to the attention of this Court, Mr. Valenzuela, your attorney has advised the Court that you are going to enter a plea of guilty to this information charging you with first degree murder.

Mr. Valenzuela: "Yes sir.

The Court: "Now, you have discussed this with your lawyer?

Mr. Valenzuela: "Yes.

The Court: "And you understand if you do enter a plea of guilty to this charge that it may be the duty of this Court to sentence you to life imprisonment and the Court may inflict the death penalty. Do you understand that clearly?

Mr. Valenzuela: "Yes.

The Court: "You feel that you are sane and you do understand what is going on before the Court at this time?

Mr. Valenzuela: "Yes.

The Court: "You do. The record so shows. Allright. Then you are voluntarily pleading guilty, is that right?

Mr. Valenzuela: "Yes.

The Court: "That is what you want to do at this time?

Mr. Valenzuela: "Yes.

The Court: "The record may so show."

The Court, over the objections of the county attorney and in response to the motion made by the attorney for the defendant, accepted the change of plea.

The trial of the co-defendant Cota proceeded without interruption and was still in progress on October 23rd when defendant Valenzuela, through counsel, made his motion to withdraw his plea of "guilty" and to reinstate his plea of "not guilty". In support of his motion, counsel argued that one of the state's witnesses heard the two defendants, Valenzuela and Cota, discuss the case on the day of the killing at which time it was recounted by Valenzuela that Cota stated he had stabbed "a rat" and that thereupon Valenzuela became very angry and said: "Yes, big man, tell him how you stabbed a man in the back."

Counsel contended that Valenzuela was present when the killing took place but that the above statement indicated that Cota was the one who did the killing.

Counsel for Valenzuela further contended that Valenzuela's clothing and shoes were virtually free of blood stains, whereas the clothing of Cota was heavily impregnated with blood. Therefore counsel asserted the defendant's first story was that Cota did the killing and that he (Valenzuela) endeavored to some extent to try and prevent it.

At the conclusion of the argument on the motion the court denied the motion. The court set November 4, 1963 for sentencing. On October 25, 1963, before defendant Valenzuela's sentencing the jury returned a first degree murder verdict against co-defendant Cota and fixed the penalty at death. The trial court, on November 4, sentenced Valenzuela to death. Co-defendant Cota subsequently received a new trial and was reconvicted, but this time the jury fixed the penalty at life-imprisonment.

Defendant first assigns as error the trial court's abuse of discretion in denying defendant's motion to withdraw his plea of guilty, for the reason that, in view of all the circumstances and evidence, justice would have been served by permitting the withdrawal.

■ A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, 17 A.R.S., Rules of Crim. Proc. 188, and in the absence of clear abuse of that discretion its ruling will not be disturbed on appeal. State v. Jones, 95 Ariz. 4, 385 P.2d 1019 (1963). This principle of law has been reasserted by this Court in the recent case of State v. Alford, 98 Ariz. 124, 402 P.2d 551, (1965). Since the motion for change of plea was made the first thing on the second day of the trial, after the defendant had heard the county attorney outline what he proposed to show by the state's evidence, it is highly probable that the defendant-appellant and his counsel concluded it was their only chance to save him from the death sentence. State v. Alford, supra, states:

"An experienced appraisal of the available evidence frequently indicates that the chance of a successful defense is negligible. The defense attorney may then be serving his client best by advising him to plead guilty and to bargain for the most lenient treatment possible. *To counsel this strategy is not to advise inadequately, even if the expectation of leniency is subsequently disappointed.*" (Emphasis supplied). Comment, Assistance of Counsel, 78 Harv.L.Rev. 1434, 1441 (May 1965). And see Monroe v. Huff, 79 U.S.App. D.C. 246, 145 F.2d 249 (1944).

This conclusion would be fully borne out by the ever-changing position of the defendant, as is reflected in the record before us.

The record shows that the defendant was not induced by the authorities to plead guilty with the expectation of lesser punishment; that he was fully protected by the court at the time the court specifically examined him regarding his change of plea and at that time the court was informed by counsel that the matter had been fully discussed by his client and himself. State v. Wilson, 95 Ariz. 372, 390 P.2d 903 (1964). See also State v. Norgard, 92 Ariz. 313, 376 P.2d 776 (1962).

The defendant next assigns as error the trial court's abuse of discretion in refusing to permit the appellant to testify in regard to his motion to withdraw his plea of guilty, for the reason that the trial court—in the interest of justice—should have taken all evidence offered in that regard to enable the court to make a correct and just ruling, and to enable the Supreme Court to make a complete and proper review of the case.

The defendant contends that since the state presented no affidavits nor evidence in refutation of the sworn statement by defendant the court abused its discretion in not giving favorable consideration to defendant's verified statement contained in the motion to withdraw his plea of guilty, and counsel for defendant further con-cludes that the court was duty bound to have permitted the defendant to be examined orally in order to more fully be advised of the true facts in the case.

The state contends that the facts set out in defendant's verified motion do not constitute duress or threats, or pressure, nor is the discomfort of being confined in the county jail sufficient to induce an accused person to plead guilty to first-degree murder, nor did the alleged threat made by co-defendant Cota constitute duress or undue influence upon the defendant that would impel him to plead guilty to the crime charged.

The record shows there was evidence before the court from which it could conclude that the plea of guilty was voluntarily made after the court had fully discussed the matter with the defendant and that he was represented at the time of the hearing by competent counsel.

In light of all these circumstances we are of the opinion the trial court did not abuse its discretion in refusing to allow the defendant Valenzuela to withdraw his plea of guilty.

Valenzuela was sentenced upon his guilty plea to death after the jury had returned a death sentence for his co-defendant Cota. It is not unreasonable to believe that the trial court took this fact into consideration in sentencing Valenzuela for the same crime. Subsequent to Valenzuela's sentenc-

ing, co-defendant Cota has been retried and found guilty with his sentence now imposed at life imprisonment.

■■ This Court has been given the power to modify the sentence imposed by the lower court when in the interest of justice a sentence should be modified. The legislature has provided in A.R.S. § 13–1716 (1956) that

"The supreme court may reverse, affirm or modify the judgment appealed from, and * * * render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant. * *"

In addition, A.R.S. § 13–1717 (1956) provides in pertinent part:

"B. Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

We have stated many times that this power to revise and reduce sentences imposed by the trial court should be used with great caution and exercised only when it clearly appears a sentence is too severe. See, e.g., State v. Corrales, 95 Ariz. 401, 391 P.2d 563 (1964). We have made a careful examination of the circumstances of this case and we find no facts which show that the defendant's participation was more aggravated in the commission of this crime than the conduct of his co-defendant Cota. In our opinion the imposition of the death penalty upon defendant Valenzuela is not justified when only life imprisonment is imposed upon his co-defendant for the very same crime they committed together. We are, therefore, of the opinion that justice demands the punishment assessed in this case be reduced from death to life imprisonment in the state prison. See Ellis v. State, 87 Okl.Cr. 108, 194 P.2d 229 (1948).

As so modified, the judgment of the Superior Court of Maricopa County is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFAR-LAND, JJ., concurring.