403 P.2d 279

**STATE of Arizona, Appellee,**

**v.**

**Gaylon Ammond LOGAN, Appellant.**

**No. 1401.**

Supreme Court of Arizona.

In Division.

June 23, 1965.

Rehearing Denied Sept. 21, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Phoenix, for appellee.

Gorey & Ely, Phoenix, for appellant.

LOCKWOOD, Chief Justice:

The appellant, hereinafter referred to as the defendant, pleaded guilty in the Superior Court of Maricopa County to the crime of rape in the second degree, a felony. He was sentenced to a term of not less than five nor more than seven years in the Arizona State Prison.

The defendant sets forth three assignments of error. In the first assignment he, defendant, asserts that the court sentenced him for the crime of rape in the first degree. He bases this conclusion on the fact that the court's probation officer stated that he felt that force had been used by the defendant in committing the rape, which is one of the elements of the crime of first degree rape. His contention is without merit. The information charging the defendant with second degree rape plainly charges that offense. The court in its judgment found the defendant guilty of rape in the second degree and sentenced him to a term of imprisonment well within the limits of the statute governing second degree rape. A.R.S. § 13–611, subsec. B. (1956).

Defendant further claims the sentence was excessive. He requested a hearing in mitigation of punishment. The court granted this request and conducted a lengthy hearing, at which numerous witnesses testified. The hearing developed testimony that several young men picked up a sixteen year old and an eighteen year old girl near a certain high school, furnished them whiskey and took them to South Phoenix near the railroad tracks

where the defendant and two other young men had sexual relations with the girls in the automobile in which they were riding. It was further adduced at the hearing that the defendant had previously had illicit relations with another sixteen year old girl who had borne him two children. (The defendant later married this girl.) It further appeared that defendant while in the military service had been A.W.O.L. twice.

 This court will not reduce the length of a sentence imposed by the trial court unless there is a clear abuse of discretion. State v. Caldera, 94 Ariz. 324, 385 P.2d 207 (1963); State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964); State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962); State v. Salinas, 95 Ariz. 62, 386 P.2d 790 (1963). In view of all of the circumstances, the sentencing judge did not abuse his discretion in sentencing the defendant to the term of five to seven years imprisonment.

Defendant by his assignment of error number three claims that the trial court was without jurisdiction to render the judgment pronounced upon him for the reason that the statute under which he was sentenced is unconstitutional in that it permits the superior court to impose sentences ranging from one day to life imprisonment without furnishing the court with any standard to guide the court in imposing sentence. Defendant's contention in this respect is erroneous. The fixing of the statutory penalty for a crime such as any term up to life for second degree rape is a legislative function. But the penalty to be imposed within those statutory limits upon a particular defendant is a judicial function. State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962); In re Gutierrez, 82 Ariz. 21, 307 P.2d 914 (1957).

Judgment affirmed.

STRUCKMEYER, V. C. J., and BERNSTEIN, J., concur.