416 P.2d 551

The STATE of Arizona, Appellee.

v.

Robert FIERRO, Appellant.

No. 1587.

Supreme Court of Arizona,
En Banc.

July 14, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, Jack I. Redhair, Deputy County Atty., Tucson, for appellee.

Octavio G. Marquez, Michael J. Brown, Tucson, for appellant.

McFARLAND, Justice:

Robert A. Fierro, hereinafter designated defendant, was convicted and sentenced to serve not less than ten nor more than twelve years in the Arizona state prison for the crime of robbery, in violation of A.R.S. §§ 13–641 and 13–642. We granted defendant's application to file a delayed appeal pursuant to Rule 16(a), as amended, Rules of the Supreme Court, 17 A.R.S.

The statement of facts on conviction, submitted by the Pima County Attorney and approved by the Superior Court of Pima County, set forth the following facts:

"On the 19th day of February, 1964 an Information was filed in the Superior Court of the State of Arizona in and for the County of Pima charging Robert Fierro with the crime of Robbery committed on the 11th day of January, 1964.

"On the 14th day of April, 1964 defendant entered a plea of not guilty. Trial was set, and on the 2nd day of June, 1964 defendant changed his plea to guilty. On the 17th day of June, 1964 in the Superior Court, the Honorable Lee Garrett presiding, defendant was sentenced to a term of 10 to 12 years in the Arizona State Prison.

"The evidence showed that: The defendant, with an accomplice, drove up to the Circle K Foodstore at 6485 East Golf Links Rd., Tucson, Arizona, and entering the store pulled a revolver forcing manager Mike Lawless to give up money from the cash register."

The defendant, seventeen years of age at the time of commission of the crime, raises two assignments of error. He first contends the trial court erroneously used information furnished by the Pima County Probation Office pertaining to defendant's juvenile record in determining the sentence to be imposed. In the record on appeal is a "Pre Sentence Report" compiled by the Pima County Probation Office which includes as a part thereof a copy of defendant's record from the Tucson Police Department listing some twenty-one instances in the period beginning September 21, 1957 through January 13, 1964 in which that department had some contact with defendant.

Defendant contends A.R.S. § 8–228, subsec. B prohibits the use of such information by a trial court in determining a sentence.

"A.R.S. § 8–228. *Effect of adjudication; use as evidence*

\*   \*   \*   \*   \*   \*

"B. The disposition of a child or of evidence given in the juvenile court shall not be admissible as evidence against the child in any proceeding in another court, nor shall such disposition or evidence disqualify a child in a civil service application, examination or appointment."

We do not have before us a transcript of proceedings at the time of sentencing. We have no information as to what portion of the Tucson Police Department record in fact constitutes a juvenile court record in order to fall within the purview of the statute. Assuming, arguendo, some portion of the record does fall within its bounds and the trial court referred to the report, the issue thus presented is whether a defendant's record of juvenile offenses may be used by the trial court in determination of the sentence to be imposed.

The matter herein presented was before the Supreme Court of Pennsylvania in Commonwealth ex rel. Hendrickson v. Myers, 393 Pa. 224, 144 A.2d 367, where the court in interpreting a statutory provision almost identical to A.R.S. § 8–228, subsec. B stated:

" \*   \*   \*   the sentence imposed in 1946 was illegal and void because the sentencing Judge was informed of and considered the appellant's Juvenile Court record in imposing sentence. Appellant had been found delinquent when he was approximately 17 years of age as the result of a burglary then committed by him. Appellant contends that the use of said Juvenile Court record in the consideration of the aforesaid sentences was in violation of § 19 of the Act of June 2, 1933, P.L.1433, 11 P.S. § 261. Section 19 of that Act provides as follows: \*   \*   \* "

" ' \*   \*   \* The disposition of a child or any evidence given in a juvenile court shall not be admissible *as evidence* against the child in any case or proceeding in any other court.'

"Generally speaking, there are several cogent reasons why juvenile records and evidence given in juvenile proceedings should not be used as evidence against a child in any case or proceeding in any other Court. Juvenile Court proceedings are normally informal, and many of the important constitutional and statutory guarantees afforded a defendant in a criminal trial do not apply to a juvenile in a hearing before a Juvenile Court. Holmes' Appeal, 379 Pa. 599, 109 A.2d 523. For these reasons, it would be unjust and illegal to allow the introduction of juvenile records or evidence given in

juvenile cases to be later introduced as competent evidence in criminal cases or proceedings in any other Court, in the same manner as criminal convictions or evidence taken in criminal proceedings may in certain instances be competent evidence in other criminal proceedings.

"The statutory prohibition, however, was not transgressed by the lower Court. Section 19 does not prohibit the use of the 'disposition of a child or any evidence given in a juvenile court' for *any* purpose; on the contrary, it bans the use of said order or evidence only when used 'as *evidence* against the child in any case or proceeding in any other court'. Although the Legislature failed to define the word 'evidence' in the statute, it is obvious that the Legislature used and intended to use 'evidence' in its generally accepted meaning—testimony and matters actually presented at the trial. ·

\*      \*      \*      \*      \*      \*

"The Juvenile Court record was not introduced or presented as. evidence in the trial. Moreover, the Juvenile Court record was not considered, even after the trial, to determine a factual issue, i. e., his guilt or innocence of the crimes with which he was charged; on the contrary, the juvenile record was taken into consideration by the trial Judge *after the appellant had pleaded guilty* and then only for the purpose of imposing a fair, proper and just sentence.

\*      \*      \*      \*      \*      \*

"In Commonwealth ex rel. Czarnecki v. Stitzel, 179 Pa.Super. 80, at pages 82–83, 115 A.2d 805, at page 806, the Court said:

" 'A judge faces a grave responsibility in sentencing boys in their middle and late teens. On the other hand every effort should be made to give them an opportunity to reform. On the other hand the court has a responsibility to the law abiding citizens to protect them from young desperadoes who frequently are involved in the most violent and vicious: of crimes. A sentencing judge,

and others dealing with the sentence, cannot with justice to the boy or the public ignore completely the boy's conduct during the time he was within the age of the juvenile court law.'

"To deprive the Courts of the right to be informed of and to consider the history and background of the person subject to sentence may result in sentences which are unjust and unfair to both society and defendants.

"The Judgment of the Superior Court is affirmed." 144 A.2d at 369 [Emphasis supplied]

The record introduced in the instant case was not used as evidence in a trial, nor was it considered to determine any factual issue, but was presumably taken into consideration by the trial court after a plea of guilty, and then used in determination of the sentence to be imposed.

The matters to be considered and the theory behind the sentencing of criminal defendants were well stated by this court in State v. Castano, 89 Ariz. 231, 360 P.2d 479, in which we said:

"Where a discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of  both the offense and of the party convicted.  State v. Fenton, 86 Ariz. 111, 119, 341 P.2d 237; State v. Smith, 66 Ariz. 376, 189 P.2d 205; State v. Levice, 59 Ariz. 472, 130 P.2d 53." 89 Ariz. at 233, 360 P.2d at 480.

■ It is the opinion of this court that the construction of A.R.S. § 8–228, subsec. B, found by the Pennsylvania court in Commonwealth ex rel. Hendrickson v. Myers, supra, is correct, and we therefore hold that in the instant case the trial court did not err in using the information before it as found in the "Pre Sentencing Report" concerning defendant's juvenile record.

Defendant's second assignment of error is that the lower court abused its. discretion

in imposing a sentence of not less than ten nor more than twelve years.

■ This court has been given the authority to modify a sentence when in its opinion the conviction is proper, but the punishment imposed is greater than should be inflicted under the circumstances of the case. A.R.S. §§ 13–1716, 13–1717. The general rule is that if a sentence is within the limits of the penalty prescribed by the appropriate statute, it will not be revised or reduced on appeal unless it clearly appears the sentence is excessive. State v. Logan, 98 Ariz. 179, 403 P.2d 279; State v. Cuzick, 97 Ariz. 130, 397 P.2d 629; State v. Monks, 96 Ariz. 354, 395 P.2d 711; State v. Vineyard, 96 Ariz. 76, 392 P.2d 30.

In State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286, we said:

"We have stated many times that this power to revise and reduce sentences imposed by the trial court should be used with great caution and exercised only when it clearly appears a sentence is too severe. See e. g., State v. Corrales, 95 Ariz. 401, 391 P.2d 563 (1964). * * *" 98 Ariz. at 194, 403 P.2d at 289.

■ The crime with which defendant was charged and found guilty is punishable "by imprisonment in the state prison for not less than five years", A.R.S. § 13–643, with no maximum. Defendant was sentenced to serve a term of not less than ten nor more than twelve years. The sentence being within the discretion of the trial court, there is no requirement a first offender be given a minimum sentence. State v. Killian, 91 Ariz. 140, 370 P.2d 287; State v. Benton, 78 Ariz. 85, 276 P.2d 516. The record indicates this is his first felony conviction.

The Pima County Attorney, in his "Statement of Facts on Conviction", stated that "I would term defendant's chances of rehabilitation possible." An affidavit supplied by defense counsel was to the effect that defendant sat in the car while a companion committed the robbery in question. The "Pre Sentence Report" of the Pima County Probation office reaffirmed this position.

A boy who has been in prison from the time he was 17 years of age generally has not learned a trade or occupation. He is dependent upon what he has learned during his imprisonment, or what he may learn after his release, to prepare himself for a job in order to earn a livelihood. He is forced to compete with those of his own age upon his release. Frequently, the longer the individual is kept in the penitentiary, the more difficult it is for him to compete. The greater the difficulty he encounters, the greater is his temptation to return to a life of crime. While it is one of the avowed purposes of our penal system to protect the public from criminals, we must recognize that rehabilitation of such offenders is also of primary importance.

■ It is the feeling of this court that because defendant was only 17 years of age at the time of the commission of the crime, justice will be better served with a lesser minimum sentence, thus allowing the Pardon and Parole Board to examine defendant's case within a shorter period and parole him if it finds he has taken advantage of the rehabilitation facilities offered by our penal institution and that he has been rehabilitated to the extent that society may be better served by his release.

The conviction is affirmed and the sentence of defendant is hereby reduced to that of not less than five nor more than twelve years in the Arizona State Prison.

Judgment affirmed as modified.

BERNSTEIN, V. C. J., and UDALL, J., concur.

STRUCKMEYER, Chief Justice (dissenting in part):

I disapprove of the reduction of sentence but otherwise concur in the conviction.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this appeal.