418 P.2d 589

The STATE of Arizona, Appellee,

v.

Ruben BENN, Appellant.

No. 1582.

Supreme Court of Arizona.

In Banc.

Oct. 6, 1966.

Darrell F. Smith, Atty. Gen., Frank A. Parks, Asst. Atty. Gen., for appellee.

Sheldon Stern, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

This cause is before us on appeal from a judgment and sentence of the Maricopa County Superior Court, following appellant's plea of guilty to a charge of burglary in the first degree, with a prior felony conviction of assault to commit rape. The sentence imposed was fifteen years to life.

Appellant contends that this sentence is excessive under the circumstances, and that it constitutes cruel and unusual punishment. We do not think so.

The penalty for burglary of the first degree is set out in A.R.S. § 13–302, which provides for imprisonment in the state prison for not less than one nor more than fifteen years. In addition, A.R.S. § 13–1649 provides:

"A. A person who, having been previously convicted * * * for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

"1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years."

Assault with intent to commit rape is punishable by imprisonment up to fourteen years. A.R.S. § 13–252. The sentence imposed by the court is clearly within the permissible limits as provided by the legislature.

This Court may reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. A.R.S. § 13–1717. We have often indicated that we will only do so when it clearly appears that the sentence is too severe. E. g., State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286. The trial court has wide discretion to sentence a defendant to a period between the statutory minimum and the statutory maximum and a sentence in conformity with the statute will be upheld unless there is clear evidence that the trial court has abused that discretion. State v. Logan, 98 Ariz. 179, 403 P.2d 279; State v. Caldera, 94 Ariz. 324, 385 P.2d 207.

In determining whether there has been an abuse of discretion in imposing a sentence, inquiry must be made into the circumstances of the offense charged and the moral character and past conduct of the defendant, as appears from the record of the case. State v. Killian, 91 Ariz. 140, 370 P.2d 287.

"Where the statute is constitutional under which a sentence is imposed, no sentence within the statutory limit is per se deemed to be cruel and unusual." State v. Cuzick, 97 Ariz. 130, 397 P.2d 629.

The appellant, by his plea, admitted that he was convicted in 1957 of assault with intent to commit rape, a felony, for which he served a term in the Arizona State Prison. We have reviewed the record and find nothing which tends to show that the sentence was unreasonable and, hence, an abuse of discretion by the trial court.

Affirmed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.