706 P.2d 741
**The STATE of Arizona, Appellee,**

v.

**. Frenchy Eugene CAMPBELL, Appellant.**

**No. 2 CA-CR 3404.**

Court of Appeals of Arizona, Division Two, Department A.

May 29, 1985.

Review Denied Sept. 17, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Regula Case, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was found guilty of armed robbery and kidnapping, two class 2 felonies arising out of the same incident. The jury also found that the crimes were of a dangerous nature. The court sentenced him to concurrent maximum 21-year terms on each count.

Appellant has assigned eight errors for our review, pointing to the trial court's allegedly:

1) failing to exclude in-court and out-of-court identification of appellant;

2) improperly ruling the state could impeach appellant with two prior convictions;

3) improperly admitting evidence of a prior bad act;

4) improperly denying a hearing on whether appellant was prejudiced by being seen by a juror while in handcuffs and without a shirt;

5) denying a mistrial motion in connection with problems with the next day's schedule of two jurors, allegedly causing a coerced verdict;

6) improperly re-reading a witness' testimony after the jury had begun deliberating;

7) denying appellant's right to be present during jury deliberation, questions and re-reading of a witness' testimony, and

8) imposing an excessive sentence.

We affirm the convictions.

On January 16, 1983, the victim was working alone at the Hollywood Records & Tapes store on Speedway Boulevard in Tucson. He observed a man eating an ice cream cone in front of the store. A short time later the man entered the store, spoke to him about music, said his name was Gary and gave the clerk a phone number. He then asked the clerk to change a ten dollar bill and thumbed through some record albums. The clerk observed him for ten to 15 minutes and was able to describe him. The man came over to the clerk, put a gun to his head and said, "Let's not be no heroes now." He forced the clerk to give him approximately $600 from the cash register, escorted him to the back room and left. After remaining there for three minutes, the clerk reported the robbery. Within an hour of the robbery a cab driver picked up a fare at the Plaza Hotel one and one-half blocks from the record store. Although the cab driver testified he could not recognize the man, he was able to recall the coat he wore.

The appellant was identified by the clerk as the robber and his fingerprints were found on three record albums and on the outside of the cab. The defense was mistaken identification.

### Failure to Exclude Identification of Appellant

Appellant contends both the victim's out-of-court and in-court identifications should have been suppressed. The trial court must find by clear and convincing evidence that an out-of-court identification was not unduly suggestive, that an in-court identification is free of any taint of an impermissible earlier identification and that both are sufficiently reliable to permit their submission to the jury. *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970); see *State v. Chapple*, 135 Ariz. 281, 660 P.2d 1208 (1983).

The detective testified he spoke to the clerk three times about the robbery. The first time he showed him in excess of 26 pictures, the second time he taped an interview and brought no pictures and the third time he brought another photo lineup from which the clerk identified the appellant. The appellant claims that the identification by the clerk was tainted because the detective told the clerk prior to the last photo lineup that a man whose description was similar to the man who robbed the Hollywood Records & Tapes store had been captured by the victim of a jewelry store robbery and was in custody. The evidence, however, is clear that the detective in no way indicated which of the six men in the photo lineup was the one who was in custody. We find that the evidence supports the trial court's finding after the *Dessureault* hearing that there was no undue suggestion in the photo lineup.

The appellant also contends that because of discrepancies between the clerk's description and appellant's actual appearance, we should reverse. Once a finding has been made that the out-of-court identification was not unduly suggestive, the weight of identification testimony then becomes a jury question. *State v. Murray*, 106 Ariz. 150, 472 P.2d 19 (1970); *State v. Corrales*, 95 Ariz. 401, 391 P.2d 563 (1964). Appellant has not shown any error in the victim's identification of appellant.

### Impeachment with Prior Convictions

Appellant contends the court erred in ruling the state could impeach the appellant with two recent forgery convictions, thus precluding him from testifying on his own behalf. The court found the probative value of the convictions outweighed the danger of unfair prejudice and ruled the state could refer only to their existence and not to their nature. We find no abuse of discretion in this ruling. *State v. Harding*, 141 Ariz. 492, 687 P.2d 1247 (1984).

### Evidence of a Prior Bad Act

█ Appellant contends that, even though no direct evidence was offered of the unrelated burglary charge, because mention was made that appellant's fingerprints had been compared three times and that a photograph became available later, the jury logically could have inferred another bad act. There was no objection nor any improper suggestion that appellant had been arrested for an unrelated crime. We find no error. *State v. Hicks*, 133 Ariz. 64, 649 P.2d 267 (1982).

### Juror Seeing Appellant in Handcuffs

█ The appellant was in custody during the trial and appellant's counsel reported that a juror had seen him in handcuffs outside the courtroom. Counsel told the court, "I wonder if we shouldn't question that juror to see if that hasn't influenced her." The court replied, "I'm not going to question her.... I mean, that's a Motion for Mistrial. Show it's denied."

The appellant made no record concerning the incident and, absent any showing of prejudice, this court cannot speculate. The mere assertion here is not sufficient to show any error.

### Juror Scheduling Problem

█ Two jurors indicated that because of personal problems they could not return to deliberate on the following day. The jury began deliberating at 12:30 p.m. and returned a verdict at 6:00 p.m. for a total deliberation time of five and one-half hours.

During deliberations the jury twice advised the court they were deadlocked, at 2:30 and 3:45. Both times the court told the jury to continue deliberating. We find no coercion or improper conduct on the part of the court and find that the two jurors' scheduling problems did not influence the verdict. *State v. Roberts*, 131 Ariz. 513, 642 P.2d 858 (1982).

### Improper Re-Reading of Witness' Testimony

█ At 4:30 the jury sent a question to the court asking about notes on a file fold-er and if they pertained to a missing document. The court, over appellant's objection, ordered the reporter to re-read the entire testimony of the detective. Rule 22.3, Rules of Criminal Procedure, 17 A.R.S., sets forth the guidelines the court must follow in answering jurors' questions of this type. We find no undue emphasis was given to the testimony regarding the question since the entire testimony of the detective was re-read.

### Appellant's Right to be Present During Jury's Communication and Re-Reading of the Testimony

█ Appellant contends there was reversible error because he was not present during any of the times when the court discussed notes received from the jurors even though his counsel waived his presence at the 3:45 discussion and during the re-reading of the detective's testimony. No one was present when the first note was sent since the court merely responded with a note to continue deliberating. This court has reviewed the instances when the defendant was not present and finds that his absence was harmless error in view of what occurred during that time. *State v. Lawrence*, 123 Ariz. 301, 599 P.2d 754 (1979). At the time of the two later discussions, the appellant's trial counsel specifically waived his presence. Although it is clear that counsel cannot waive appellant's presence when appellant objects, we find no deprivation of any substantial constitutional right. A complete record was made of all proceedings during the time in question which was preserved for appellate review. We find no error. *State v. Lawrence*, supra.

### Excessive Sentence

█ Appellant urges that the maximum 21-year sentence imposed was excessive under the circumstances of this case. The court listed as aggravating circumstances the following factors: appellant's lengthy criminal record, the fact that the convic-

tions were for armed offenses, his threats to the victim, and the fact that he did not appear to be subject to rehabilitation. We have reviewed the record and find that the facts support the aggravated sentence.

Affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.