376 P.2d 776

**The STATE of Arizona, Appellee,**

v.

**Robert Allen NORGARD, Appellant.**

No. 1261.

Supreme Court of Arizona.

En Banc.

Dec. 12, 1962.

**314**

Martin S. Rogers, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Phoenix, Jack I. Podret, County Atty. of Pima County, William J. Schafer, III, Deputy County Atty., Tucson, for appellee.

LOCKWOOD, Justice.

This is an appeal by the defendant from a judgment of conviction upon a plea of guilty of attempted burglary and from the court's refusal to grant defendant's motion to withdraw his plea of guilty and allow a plea of not guilty.

On September 8, 1961, the defendant was charged by information with the crime of attempted burglary in the nighttime of a building located at 1120 South Wilmot, Tucson, Arizona, to which the defendant entered a plea of not guilty. On the day before the matter was to be tried he was allowed to withdraw his plea of not guilty and enter a plea of guilty to the charge. At the time set for sentencing, approximately thirty days later, the defendant requested leave to withdraw the plea of guilty and to enter a plea of not guilty. The trial court denied that motion for the reason that the defendant failed to present substantial basis for the change other than stating that he was not guilty.

The defendant makes only one assignment of error, to-wit, that refusal of the trial court to allow the defendant to withdraw his plea of guilty was an abuse of discretion by the Judge and was prejudicial to the rights of the defendant.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, 17 A.R.S. Rules of Criminal Procedure, rule 188, and in the absence of a clear abuse of that discretion its ruling will not be disturbed on appeal. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). Even though the trial court's discretion should be liberally exercised in favor of permitting the withdrawal, State v. Corvelo,.

supra, there must be some showing that justice will be served thereby.

 We find in this case that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea of guilty. At the time the defendant entered his plea of guilty he was represented by competent counsel, and in defendant's presence the attorney stated to the court that he had discussed the matter fully with the defendant who understood all possible consequences of the plea. On the day of sentencing defendant's attorney brought before the court the fact that the defendant had previously undergone psychiatric treatment and suggested that the defendant might not at the present time be competent or sane. However, no request was made under 17 A.R.S. Rules of Criminal Procedure, rule 250 for a hearing as to his mental condition. Inasmuch as there appears no mistake or misapprehension on the part of the defendant as in the Corvelo case, supra, and the only basis given for the motion for withdrawing the plea of guilty was that the defendant apparently changed his mind and claimed to be innocent, the trial court was justified in treating the defendant's motion as frivolous.

Judgment and conviction affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.