385 P.2d 1019

**STATE of Arizona, Appellee,**

v.

**Cozzie Merrill JONES, Appellant.**

**No. 1329.**

Supreme Court of Arizona.

En Banc.

Oct. 24, 1963.

Rehearing Denied Nov. 19, 1963.

William C. Haus, Apache Junction, for appellant.

Robert W. Pickrell, Atty. Gen., E. D. McBryde, County Atty., Pinal County, Lloyd D. Brumage and William D. Baker, Deputy County Attys., Pinal County, for appellee.

JENNINGS, Justice.

Cozzie Merrill Jones, appellant, pleaded guilty to an information charging murder in the first degree. On the date set for sentencing, appellant moved to withdraw his plea of guilty and enter a plea of not guilty. The motion was denied and appellant was adjudged guilty and sentenced to death. From the conviction and sentence and the adverse ruling upon the motion this appeal is taken.

Pursuant to A.R.S. § 11–533, the prosecution prepared a "statement of facts" which it would have been prepared to prove had the case gone to trial. This "statement" discloses that on December 7, 1962, while appellant attempted to pick up a young girl in Phoenix, two men thwarted the attempt, causing appellant to lose the use of his car. Upon being pursued by these two individuals, appellant came to deceased's house and, at gun point, forced deceased to drive him away. Later on appellant took over the driving and coerced deceased into lying down in the back seat. The "statement of facts" further discloses

appellant's allegation to the effect that upon nearing Casa Grande he glanced in the rearview mirror and saw deceased about to hit him with a "claw hammer;" that he ducked and the hammer grazed his shoulder; and that in "self-defense" he shot deceased three or four times. Appellant dumped deceased's body near Casa Grande and proceeded onward. The officers apprehended appellant that evening.

A preliminary hearing was held on December 18, 1962 with appellant being bound over to the Superior Court of Pinal County. On December 26, 1962, the information was filed and appellant was arraigned. During the arraignment appellant stated to the Court that he did not desire the services of an attorney. In spite of this wish the Court ordered the appointment of Mr. William Haus.

The arraignment was continued until December 31, 1962, at which time appellant appeared before the Court with his attorney. The minute entries reveal that Haus, at this time, informed the Court that he had consulted with and advised appellant of all his rights; that he had also advised him of the possible consequences of a plea of guilty; and that appellant was fully aware of the same. The attorney further informed the Court that he had recommended that appellant enter a plea of not guilty and move for a psychiatric examination, all of which advice appellant refused. Appellant then related to the Court that he was fully aware

of his rights; that he did not wish to have an examination of any kind; and that he wanted to plead guilty and be sentenced as soon as possible. The Court then asked appellant whether he was ready to enter his plea. Appellant answered in the affirmative and entered a plea of guilty to the charge of murder in the first degree. The sentencing was set for January 7, 1963.

On January 7, 1963, appellant appeared with counsel whereupon the latter moved to postpone the time set for sentencing until the former could submit to a psychiatric examination. The motion was granted and the time for sentencing was continued until January 21, 1963. In the interim the psychiatrists found appellant to be sane. Upon the day set for sentencing counsel moved to withdraw appellant's plea of guilty and to enter a plea of not guilty. The motion was denied and appellant was adjudged guilty and sentenced to death.

The only issue presented on this appeal is whether the trial court abused its discretion in refusing to allow the withdrawal of the plea of guilty and to enter the plea of not guilty.

 A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, 17 A.R.S. Rules of Crim. Proc. rule 188, and in the absence of a clear abuse of that discretion its ruling will not be disturbed on appeal. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962); State v. Norgard, 92 Ariz. 313, 376 P.2d 776 (1962). However, the discretion of the trial court should be liberally exercised in favor of permitting the withdrawal, State v. Corvelo, supra; State v. Norgard, supra; and where there is any showing that justice will be served thereby, any doubt should be resolved in favor of withdrawing the plea. State v. Corvelo, supra.

 Appellant relies upon two main theories to show abuse of discretion. First, before one can be found guilty of murder in the first degree, the state must prove beyond a reasonable doubt that the accused unlawfully killed another with malice aforethought, and that the killing was accomplished in a particular manner. A.R.S. § 13-452. Appellant was allegedly committing the crime of kidnapping when he killed deceased, A.R.S. § 13-491(A) 1, and the crime of kidnapping is not one of the five crimes within the purview of the felony-murder doctrine. A.R.S. § 13-452. Appellant contends that since malice aforethought, deliberation and premeditation must be proved beyond a reasonable doubt (appellant states he shot deceased in self-defense with no premeditation as required by statute), there is a good possibility he could be found guilty of murder in the second degree, or some lesser crime, or even acquitted, thereby automatically diminishing his punishment. A killing in the course of perpetrating the crime of kidnapping would justify a charge of murder in the

second degree and the punishment for second-degree murder is imprisonment. Appellant maintains, therefore, that he should be allowed to go before a jury for this determination. Second, that even if a jury should return a verdict of guilty of murder in the first degree, in view of appellant's allegation of self-defense they could mitigate the sentence from death to life imprisonment. A.R.S. § 13–453(A).

■■■ The privilege of self-defense could not be invoked to excuse or justify the homicide under the circumstances of this case. We follow the general rule that a plea of self-defense is not available to one who was at fault in provoking the difficulty that resulted in the homicide. Carter v. State, 18 Ariz. 369, 161 P. 878 (1916); Macias v. State, 39 Ariz. 303, 6 P.2d 423 (1931). In other words, the accused cannot set up in his own defense a necessity which he brought upon himself. Carter v. State, supra. Where the kidnapped victim resisted and the accused shot and killed him, the accused will not be heard to invoke the privilege of self-defense. State v. Kenyon, 343 Mo. 1168, 126 S.W.2d 245 (1938).

Appellant contends that although he cannot invoke the privilege of self-defense to justify or excuse the homicide, nevertheless, if he were allowed to take his case to trial, the jury might find that the required element of premeditation was lacking or even if they should find him guilty of murder in the first degree they might feel that the killing was not so atrocious and hence recommend life imprisonment rather than the extreme penalty. In support thereof appellant relies heavily on People v. King, 1 Ill.2d 496, 116 N.E.2d 623 (1953). The two cases can be distinguished. The principal reason relied upon for reversal in People v. King, supra, was that King had been misled into believing leniency would be forthcoming should he plead guilty while the matter of mitigation of punishment was a dictum of the court. Also, there was nothing in the record of that case to contradict King's version that the killing was accidental.

In the instant case there is abundant testimony to refute appellant's allegation of self-defense. First, the "statement of facts" disclosed that the alleged "claw hammer" was never found although a search of deceased's car and of the place where the body was dumped was conducted. Second, the "statement of facts" further revealed that a medical examination was made of appellant's shoulder where he claimed the hammer landed and no evidence was found of any blows having landed there. On the motion to withdraw the plea defense counsel agreed that the "statement of facts" in these particulars was correct. Finally, appellant, in his statement given to the deputy county attorney on December 8th in the presence of the official court reporter, said that "after he forced deceased to sit in

the back seat, he looked in the back seat on the floor to see if there was any weapon or anything deceased could use and there was not any that he saw."

The record shows that the court respected the rights of appellant throughout the entire proceedings. When appellant stated he did not desire the services of an attorney, the court, in spite of this wish, appointed one. As shown supra, appellant was fully advised of his rights and the consequences of pleading guilty and rejected the advice of Haus that he plead not guilty and submit to a psychiatric examination. Appellant told the court he was fully aware of his rights and that he did not want to submit to an examination of any kind but wanted to plead guilty and be sentenced. The consequential psychiatric examination showed appellant to be sane. There was no mistake or misapprehension on the part of appellant as in State v. Corvelo, supra. It does not appear that appellant was induced to plead guilty with the expectation of lesser punishment. We hold that the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea of guilty.

Pursuant to A.R.S. § 13–1715 we have examined the entire record to detect any "fundamental error." The only possible action of the trial court which could be deemed "fundamental error" was the imposition of the death penalty. Was the death penalty too severe under the circumstances of this case? We think not.

A person guilty of murder in the first degree shall suffer death or imprisonment in the state prison for life, and upon a plea of guilty the court shall determine the punishment. A.R.S. § 13–453(A). Within the limitations of the statute the penalty fixed was entirely within the sound discretion of the trial court, and will not be revised unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Moody, 67 Ariz. 74, 190 P.2d 920 (1948). The power given the Supreme Court to revise and reduce sentences imposed by trial courts (A.R.S. § 13–1717) should be used with great caution and exercised only when it clearly appears a sentence is too severe. State v. Guerrero, 58 Ariz. 421, 120 P.2d 798 (1942).

It has been the practice in this state that the trial court, in imposing a sentence for the violation of any criminal offense, may and does take into consideration whether the accused has been previously convicted of the same or similar offense. State v. Harold, 74 Ariz. 210, 246 P.2d 178 (1952). It was the duty of the trial court to examine into appellant's antecedents and criminal character to enable him intelligently and judicially to mete out a sentence commensurate with appellant's crime and disposition to engage in criminal activities.

**10**

State v. Smith, 66 Ariz. 376, 189 P.2d 205 (1948).

A copy of the F.B.I. report, which constitutes an integral part of the documents on this appeal, reveals that appellant has been convicted of auto theft and second-degree murder. He was sentenced to life imprisonment for the latter crime and escaped in 1960.

In view of the foregoing we cannot say that the trial court abused its discretion in imposing the death penalty.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.