390 P.2d 903

**STATE of Arizona, Appellee,**

v.

**Francis Elwood WILSON, Appellant.**

No. 1331.

Supreme Court of Arizona,

In Division.

April 8, 1964.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

Thomas J. Croaff, Jr., Phoenix, for appellant.

JENNINGS, Justice.

Francis Elwood Wilson, appellant herein, was informed against for the crime of robbery. The arraignment was held on October 29th, 1962, at which time appellant entered a plea of not guilty. On the date set for trial, appellant withdrew his former

plea and entered a plea of guilty. Thereafter, when sentence was to be pronounced, appellant moved to withdraw his plea of guilty. The trial court denied this motion and imposed an indeterminate sentence of five to seven years in the state prison. From the conviction, sentence, and the adverse ruling upon the motion, this appeal has been taken.

The sole question raised is whether the trial court abused its discretion in denying appellant's motion to withdraw his plea of guilty. Appellant, in his motion, alleged: (1) that due to panic at the time of the plea, he did not follow the recommendation of his counsel who advised him to proceed to trial under the circumstances; (2) that immediately thereafter, his counsel was advised by a deputy from the Maricopa County Attorney's office that it was the opinion of that office there was insufficient evidence to support a conviction; that such deputy had proposed to his counsel the plea be withdrawn; and that the county attorney would immediately make a motion to dismiss the information.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, and in the absence of a clear abuse of that discretion its ruling will not be disturbed on appeal. However, the discretion of the trial court should be liberally exercised in favor of permitting the withdrawal, and where there is any showing that justice will be served thereby, any doubt should be resolved in favor of withdrawing the plea. State v. Jones, 95 Ariz. 4, 385 P.2d 1019; State v. Norgard, 92 Ariz. 313, 376 P.2d 776; State v. Corvelo, 91 Ariz. 52, 369 P.2d 903.

Appellant apparently offered no testimony at the time of the motion in support of either of his two allegations. We are unable to find anything in the record which substantiates his contentions. We have repeatedly held that we will review only those matters which appear in the records of the trial court. State v. Langley, 91 Ariz. 228, 371 P.2d 586. Even if there was testimony adduced respecting these allegations, nevertheless, where we do not have before us the complete record of the case, we must assume that any testimony or evidence not included therein tended to support the action taken by the trial court. Picow v. Baldwin, 77 Ariz. 395, 272 P.2d 613. Therefore, even assuming, without passing on the merits thereof, that the stated reasons were sufficient grounds for granting the motion, we must nevertheless affirm the decision of the lower court.

Appellant claims that the right to withdraw his plea of guilty before sentencing is an absolute right. In this contention he errs for this is discretionary with the trial court. State v. Jones, su-

pra; State v. Norgard, supra; State v. Corvelo, supra. Appellant, when he entered his plea, was represented by competent counsel. The lower court did not abuse its discretion in denying the motion.

Judgment affirmed.

UDALL, C. J., and LOCKWOOD, V. C. J., concurring.