393 P.2d 666

**STATE of Arizona, Appellee,**

v.

**Lyle E. TRIPLETT, aka Lyle E. Henderson, Appellant.**

**No. 1273.**

Supreme Court of Arizona, In Division.

June 25, 1964.
Rehearing Denied Oct. 6, 1964.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., and Charles N. Ronan, Maricopa County Atty., for appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

UDALL, Chief Justice.

This is an appeal from a conviction of kidnaping for the purpose of committing lewd and lascivious acts, in violation of A.R.S. § 13–492. The question presented is one which we have given frequent consideration of late, namely: Under what circumstances does a trial court's refusal to allow withdrawal of a guilty plea amount to an abuse of discretion?

The relevant facts are these. Upon arraignment, defendant entered a plea of not guilty and subsequently gave notice of his intention to offer evidence that he was insane at the time of the alleged acts. He was advised by his psychiatrist that a period of 30 days observation and testing would be needed for establishing an opinion on this matter. Defense counsel accordingly moved for a 30-day continuance that such tests might be made. The motion was resisted by the County Attorney and argued to the court by both counsel. On April 2, 1962 an order was entered continuing the case for seven days. The court directed that defendant be sent to the Arizona State Hospital for examination to determine "the past and present mental condition of the defendant, and his ability * * * to distinguish right from wrong and to be able to understand the nature and consequences of his acts."

In a letter to the court, dated April 6, 1962, the Hospital Director stated: "In order to complete the examination, it would be necessary to have a longer period of observation. * * *" The Hospital Staff Summary of the same date gives a diagnosis of "sociopathic personality disorder with

psychotic episodes" and under "Recommendations" reads as follows:

"In view of the Order from the Court that he will be returned for trial after one week, it is necessary to discharge him to the custody of the Sheriff so that he can appear for trial on Monday, April 9th. He will be given a discharge as improved. It is advisable that this man be permitted a longer period of observation to determine his exact status and to permit additional time to obtain further information regarding him."

Despite these recommendations, the case proceeded to trial on April 9. Upon advice of counsel, defendant then withdrew his pleas of not guilty and not guilty by reason of insanity and entered a plea of guilty. After a judgment of conviction the defense immediately moved for an order appointing two disinterested, qualified experts to examine defendant for a period of 30 days and determine his mental ability to understand the proceedings against him. R.Crim. P. 250, 17 A.R.S. provides for such an order whenever "the court has reasonable ground to believe that the defendant * * * is insane or mentally defective * * *." This motion was granted on the basis of a letter from Dr. Maier Tuchler, dated April 10, stating that he had recently examined defendant and was "unable to come to a clear cut decision as to his competence and responsibility for the acts as charged." In compliance with the order, defendant was again confined in the State Hospital.

At the expiration of 30 days, a second Staff Summary was issued which concluded:

"[I]t would be difficult to indicate that this individual actually knew what was happening, whether he was able to understand the nature of the act, or the fact that there was some wrong-doing at the time."

Note that the summary thus refers to defendant's competence at the time of commission of the acts charged, rather than to his competence to understand the proceedings against him.

On the strength of this report and an opinion by Dr. Tuchler who conducted a concurrent psychiatric examination, defendant moved on May 25, 1962, to withdraw his guilty plea and to reinstate his plea of insanity. At the hearing, counsel took the stand and testified that he had advised withdrawal of the initial insanity plea because the previous expert opinion did not indicate that evidence was available to substantiate the defense.

Dr. Maier Tuchler also testified. He stated that in his opinion defendant did not know the difference between right and wrong when the acts were committed. This meets the M'Naghten test for insanity which is the standard of criminal responsibility heretofore adopted by this Court. State v.

Crose, 88 Ariz. 389, 357 P.2d 136 (1960). He subsequently qualified this statement by saying defendant did know the difference between right and wrong but was acting under a compulsion to behave as he did—a test for insanity which we rejected in State v. Preis, 89 Ariz. 336, 362 P.2d 660 (1961). Later on, however, he reaffirmed the view that defendant could not distinguish between right and wrong or understand the nature of his acts. The testimony is equivocal in some respects and, to a degree, contradictory. We do not find it necessary, however, to evaluate his opinions here. Guilt or innocence is not an issue in deciding a motion for change of plea. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). The point is, there was sufficient evidence to raise a question for the jury on the issue of insanity.

■ For these reasons, and because of the circumstances under which the guilty plea was entered, the judgment below must be reversed. We have consistently held that a trial court must exercise his discretion liberally in favor of allowing a guilty plea to be withdrawn. See, e. g. State ex rel. Ronan v. Stevens, 93 Ariz. 375, 381 P.2d 100 (1963). There are no important similarities between State v. Norgard, 92 Ariz. 313, 376 P.2d 776 (1962) and the case at bar. In Norgard, no reason appeared for allowing withdrawal except that "defendant apparently changed his mind." The present record, however, shows that defendant fully intended to plead not guilty and persisted in doing so until the limited time granted for psychiatric examination proved inadequate to permit him to make out his defense.

Again, in Norgard, we pointed out that the defendant had failed to request a mental examination under Rule 250. Defendant here, on the other hand, carefully followed this procedure. As a result, it became apparent that he could present evidence in support of his original plea. "[W]here there is any showing that justice will be served thereby, any doubt should be resolved in favor of withdrawing the plea." State v. Jones, 95 Ariz. 4, 385 P.2d 1019 (1963). There was certainly doubt in this instance. And under the circumstances, it appears that the interests of justice will best be served by allowing the motion.

■ The state urges that defendant should have renewed his request for additional time when the seven-day continuance was shown to be inadequate; that the failure to do so is fatal to his contentions on appeal. We find this unpersuasive. The point had been made that Dr. Tuchler needed 30 days. As we said, the motion was resisted by the state and fully argued to the court. Counsel thus had some reason for believing that further efforts to gain time would prove futile. His reluctance to press the matter was not so much a delinquency to the cause of his client as it was deference to the previous ruling of the trial judge.

The case is reversed and remanded to the court below with directions to grant a new trial.

LOCKWOOD, V. C. J., and JENNINGS, J., concurring.