**Cozzie Merrill JONES, Appellant,**

**v.**

**Frank A. EYMAN, Superintendent of the Arizona State Penitentiary, Appellee.**

**No. 20054.**

United States Court of Appeals
Ninth Circuit.

Nov. 24, 1965.

Rehearing Denied March 11, 1966.

Harold Goldman, Phoenix, Ariz., W. Edward Morgan, Tucson, Ariz., for appellant.

Darrell F. Smith, Atty. Gen. of Arizona, Philip M. Haggerty, Asst. Atty. Gen. of Ariz., Phoeniz, Ariz., E. D. "Bud" McBryde, Pinal County Atty., Lloyd D. Brumage, Chief Deputy County Atty., Pinal County, Florence, Ariz., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from a denial of a petition for a writ of habeas corpus in the district court. Jurisdiction below rested on 28 U.S.C.A. § 2241(c) (3). Jurisdiction here rests on 28 U.S.C.A. § 2107.

This is also a capital case, appellant having entered a plea of guilty to a charge of first degree murder, and having been sentenced to death.

The appendix attached to the appellant's opening brief is stricken.

This matter has gone through the state courts of Arizona. The death sentence was affirmed by the Supreme Court of Arizona. State v. Jones, 95 Ariz. 4, 385 P.2d 1019 (1963), rehearing denied November 19, 1963, cert. denied October 12, 1964, sub nom. Jones v. Eyman, 379 U.S. 852, 85 S.Ct. 97, 13 L.Ed.2d 55.

The appellant made a statement at 4:00 A.M. on December 8, 1962, the day after the homicide. In this statement he admitted shooting and killing the victim, but contended he did it because the victim was attacking him with a hammer. This statement was taken without an attorney present, although appellant requested the aid of an attorney. Three days later he made a second statement, again without the advice of an attorney, although he again requested one.

At his preliminary hearing commencing on December 14, 1962, the appellant requested a lawyer. At his adjourned preliminary hearing on December 18, 1962, appellant requested a lawyer. Appellant was entitled, under the existing practice in Arizona, to waive his preliminary hearing in Justice Court, and seek and obtain counsel in the Superior Court at the time of arraignment. The matter would then be remanded to the Justice Court for the preliminary examination, at which appellant would be represented by counsel so appointed. Appellant had no knowledge of this method of obtaining counsel, and was not advised of his right to obtain the service of counsel by this method.

We also note from the record that the appellant complained of his lack of counsel on at least eleven instances during his preliminary examination.[1]

---

1. These appear at pages 2, 6, 8, 15, 16, 27, 37, 46, 48, 51 and 109.

On December 26, 1962, at his arraignment date, appellant declined the services of an attorney—but one was appointed to represent him. The arraignment was continued to December 31, 1962. Despite his attorney's advice, and directly contrary to it, appellant insisted on entering a plea of guilty. Three days later appellant changed his mind; desired to change his plea to not guilty.

Thereafter appellant's counsel sought to have medical experts appointed to determine if appellant was capable of understanding the proceedings against him, and capable of cooperating. They reported he was.

Counsel for appellant also moved for permission for appellant to withdraw his plea of guilty, and enter a plea of not guilty. This request was denied.

On January 21, 1963, the day appellant sought his change of plea and was sentenced, the state trial judge expressed concern as to appellant's mental condition.

■ As many jurisdictions have repeatedly stated, great liberality should be allowed in granting requests for changes of plea. (State v. Jones, 385 P.2d 1019.) And any doubts should be resolved in favor of the withdrawal of the plea.

We will not pass on the contention of appellant that there was an abuse of discretion in the denial of the petition for change of plea.

■ In view of the totality of all the circumstances disclosed by the record in this case, we conclude there was a lack of due process afforded the appellant, offending the VIth and XIVth Amendments to the United States Constitution.

A writ of habeas corpus will be granted by this court and discharge of appellant from custody will be ordered unless (1) the appropriate court of the State of Arizona sets aside the judgment of conviction of, and the sentence imposed upon, the appellant; and grants to him an opportunity to change his plea of guilty to not guilty, (2) the appellant, upon his renewed request, changes his plea, and (3) such court certifies to this court prior to January 10, 1966 that (1) and (2) above have been consummated. If so advised, the custody of appellant will not be disturbed, and the appeal from the district court's refusal to grant a writ of habeas corpus will be affirmed, as moot.