511 P.2d 623

**The STATE of Arizona, Plaintiff,**

v.

**Benny DIXON, Defendant.**

No. 2596.

Supreme Court of Arizona, En Banc.

July 6, 1973.

442

---

Rose Silver, Former Pima County Atty., Dennis W. DeConcini, Pima County Atty. by Stephen M. Weiss, Deputy County Atty., Tucson, for the State of Arizona.

Albert R. Gamble, Tucson, for defendant.

HAYS, Chief Justice.

Under Rule 346 of the Rules of Criminal Procedure, 17 A.R.S., the following question has been certified to us by the Superior Court of Pima County:

"Does the sole act of selling heroin to a purchaser who voluntarily out of the presence of, and without the assistance of, the seller injects the same quantity of heroin into his body and dies as a result thereof constitute second degree murder?"

Two Arizona statutes must be considered in answering the certified question. They are:

A.R.S. § 13-451, subsec. A which reads: "Murder is the unlawful killing of a human being with malice aforethought."

A.R.S. § 13-452 which provides:

"A murder which is perpetrated by means of poison or lying in wait, torture or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate arson, rape, robbery, burglary or mayhem, is murder of the first degree. All other kinds of *murder* are of the second degree." (Emphasis added).

The documents submitted indicate that the State wishes to prosecute defendant for second degree murder, though his crime was merely the sale of heroin. In short, the State considers the crime to be that of "Felony Murder," which is the charge where a man is actively engaged in committing a crime, during which someone is killed.

The State argues that one who commits an inherently dangerous felony which results in the death of another, is guilty of second degree murder, because of the second statute set out above. In its memorandum of points and authorities, the State alleges that "Arizona adheres to the common law doctrine that the commission of a felony which results in the death of another is murder." In the next sentence, the State says "Common law crimes have not survived in Arizona, and there must be a statute specifically prohibiting the questioned act." In other words, the State admits that there is no common law crime of felony murder in Arizona, and if that crime exists, it must be by interpretation of the above statute.

The State argues that there are two Arizona cases to support its theory. However, one of them is not in point because in it the defendant himself shot the victim

whom he had kidnapped! State v. Jones, 95 Ariz. 4, 385 P.2d 1019.

The other case cited by the State is Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141. This was an abortion case where the patient died. There, again, the defendant killed the victim, albeit, unintentionally. Admittedly, the case contains some language supporting the State's theory in the instant case.

The main thrust of the State's argument, however, is that Arizona's statute was adopted almost verbatim from California's, and California has interpreted its statute to make felony murders out of circumstances other than those described in it.

The State also argues that the selling of the drug is the proximate cause of the death, even though the drug was self-administered out of the presence of the defendant. Because of our view of the case, we take no position on that issue.

The State also argues that making the offense murder will have a deterrent effect on the seller of heroin. This argument is one which well might be presented to the legislature but is not appropriate here. We must not forget that in the instant case our role is to interpret a statute. The legislature, after considering whether to enact the common law felony murder rule, limited it to homicides occurring during the commission of arson, rape, robbery, burglary, or mayhem. It then added that all other kinds of *murder* are of the second degree. It did not provide that *homicides* committed during all unnamed felonies were second degree murders. We think that the language used was used advisedly.

■■■ It is our opinion that if the cited statute is to be broadened, it should be done by the legislature and not by a tortured interpretation by this Court. Consequently, the certified question is answered in the negative.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.