801 P.2d 468

**STATE of Arizona, Appellee,**

v.

**Leland Ray MARTY, Appellant.**

**No. 1 CA–CR 88–763.**

Court of Appeals of Arizona,
Division 1, Department B.

July 26, 1990.

Review Denied Dec. 18, 1990.

Robert K. Corbin, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Crim. Div., Phoenix, for appellee.

Melvin R. Bowers, Jr., Lakeside, for appellant.

## OPINION

GRANT, Chief Judge.

■ In this case we hold that a defendant can be guilty of manslaughter by supplying drugs and alcohol to the driver of a vehicle who subsequently dies in an accident.

This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Defendant raised two arguable issues on appeal:

1) Whether there was a sufficient factual basis to support defendant's guilty plea to the charge of reckless manslaughter;

2) Whether there was a sufficient factual basis to establish defendant was represented by counsel or waived his right to counsel for the prior convic-

tion used to enhance the reckless manslaughter charge.

Because this case presents the question whether a defendant can be guilty of manslaughter by supplying drugs and alcohol to the driver of the vehicle who subsequently dies in an accident, we ordered the state to file an answering brief and the defendant to file a reply brief. The parties have done so, addressing this issue.

## PROCEDURAL HISTORY

The defendant was charged with three counts of transfer of a dangerous drug, one count of theft, and one count of second degree murder. The state alleged that defendant had a prior New Mexico conviction that the defendant had committed the present offenses while on probation for that conviction, and that the state would use the present charges as *Hannah* priors. *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). Then, pursuant to a plea agreement, defendant agreed to plead guilty to one count of manslaughter, a class three felony and violation of A.R.S. § 13–1103(A)(1), and to one count of theft, a class four felony and violation of A.R.S. § 13–1802(A)(1). He also admitted the prior New Mexico felony conviction. The defendant was sentenced to an aggravated term of fifteen years in prison on the manslaughter charge and a presumptive term of six years on the theft charge. The court ordered the terms to be served consecutively.

## FACTS

On July 28, 1987, the defendant was arrested by Eagar, Arizona police officers. He was fingerprinted and released, but his car was impounded. Sometime in the next five or six days, the defendant made contact with a sixteen-year-old named Santiago Nuanez, Jr., and arranged to sell Nuanez some LSD. Around noon on August 2, 1987, Nuanez arrived in his car at Ronald Williams' house. The defendant was already in the car with Nuanez. The three went to Springerville to purchase some auto parts. Nuanez and Williams went into the store; the defendant stayed in the

car. In the store, Nuanez told Williams that the defendant had given him a "hit of acid." The three then drove to a store where the defendant, the only one of drinking age, purchased a large quantity of beer with Williams' money which they all began to drink while driving around. The trio proceeded to Billy Murray's house to see if Murray had any marijuana. He did, and they all smoked it, in the car, with a pipe supplied by the defendant. They then drove to a lake and consumed the rest of the beer. Upon leaving the lake, the defendant purchased another 12–pack and quart of beer which they all drank. They dropped Murray off and the defendant purchased two more six-packs of beer. At this point, Nuanez drove to the Circle K in Eagar where the defendant exited, went behind the store, and returned with what he said was acid (LSD). They drove to another lake and drank the rest of the beer. While still at the lake, the defendant injected himself with the acid and refilled the syringe for Nuanez. Nuanez injected himself, and after the defendant refilled the syringe again, Nuanez injected Williams.

After getting some gas for the car, they headed for Eagar on the highway, with Nuanez driving. The car, while speeding, crossed the center line, failed to negotiate a left turn, left the road and rolled. Nuanez was thrown from the car and killed. Immediately after the accident, Williams got out of the car and began walking away. The defendant was also thrown from the car, but sustained only minor injuries. A few minutes later, a motorist named Daryl Willis picked up the defendant and, over defendant's protest, took him to the police station to report the accident. The defendant identified himself to Willis and to the police as Allen Eugene Bell. He gave a brief, nonincriminating statement. Willis, feeling sorry for the defendant, took him to Willis' home and arranged for him to begin a job the following day. Unfortunately, the defendant disappeared with Willis' truck the next morning and was arrested a few days later in Nevada on another drug offense. The stolen truck was recovered.

In the meantime, police had obtained a statement from a woman the defendant had been with the day preceding the accident. This woman stated that defendant had offered her LSD which she refused. The defendant told her that he planned to sell Nuanez some drugs, "brain" him, take the drugs back, and use the money from the drug sale to get out of town. Armed with this information, police obtained statements from Williams and Murray stating that defendant had supplied them and Nuanez with the LSD and alcohol. Police also learned that the defendant was wanted on a probation violation warrant in New Mexico. A search of the stolen truck in Nevada revealed both the LSD container described by Williams and Murray and the "page of acid" described by the woman. The witnesses positively identified the defendant in photo line-ups and his fingerprints matched those sent from New Mexico and Nevada. Moreover, lab tests revealed that Nuanez had taken LSD, marijuana, and alcohol prior to his death. His BAC level was .17%.

## FACTUAL BASIS FOR MANSLAUGHTER CONVICTION

At the change of plea, the judge asked the defendant whether he had recklessly caused the death of Santiago Nuanez, Jr. The defendant replied "yes", stating that the death was the result of an automobile accident and that he had furnished intoxicants to Nuanez, the driver. He denied knowing that Nuanez was unable to operate the vehicle in a safe manner because he, the defendant, "was pretty drunk too." The court also accepted police reports, the transcript of the preliminary hearing, the witnesses' statements, and the chemical toxicology reports for the purpose of supplementing the factual basis for the plea. The defendant was given an opportunity to ask any further questions but declined to do so. He did not object to the introduction of the additional information. At sentencing, defense counsel reiterated, as mitigating factors, that the defendant did not intend to cause the death of the victim. He admitted that the defendant had provided the alcohol to the victim, and that this

alcohol had probably caused the accident and death.

■ There is abundant evidence in the record that the defendant acted "recklessly" as defined in A.R.S. § 13–105. On appeal, we must determine that a factual basis exists for each element of the crime to which the guilty plea is made. This factual basis need not be established beyond a reasonable doubt but must be derived as "strong evidence" of guilt from the entire record. Where no factual basis exists in the record for each element of the crime, the guilty plea must be set aside. *State v. Wallace,* 151 Ariz. 362, 728 P.2d 232 (1986), *cert. denied,* 483 U.S. 1011, 107 S.Ct. 3243, 97 L.Ed.2d 748 (1987). One commits manslaughter by recklessly causing the death of another person. A.R.S. § 13–1103(A)(1). One acts recklessly when one is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. A.R.S. § 13–105(6)(c). The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in such a situation. A person who creates such a risk but is unaware of the risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk. *Id.*

■ We reject the defendant's argument that because he did not encourage the victim to drive, and could not have dissuaded the victim from driving, his actions did not constitute a conscious disregard of a substantial and unjustifiable risk that would result in the death of the victim. Looking at the entire record, it is clear that the defendant offered the illicit drugs, encouraged Nuanez's indulgence in them, provided the pipe which enabled Nuanez to smoke the marijuana, and was the conduit through which Nuanez, a minor, obtained alcohol. The defendant knew that Nuanez would be driving during all of this. The record demonstrates that defendant did everything possible to encourage Nuanez's continued participation in the intoxicating spree which lasted over seven hours.

■ The more difficult question is whether the entire record contains some basis for finding that defendant's reckless behavior proximately and in fact caused Nuanez's death. In Arizona, both "but for" causation and proximate cause must be established in a criminal case. *State v. Lawson,* 144 Ariz. 547, 559, 698 P.2d 1266, 1278 (1985). To establish legal cause, or cause-in-fact, there must be some evidence that but for defendant's conduct, the accident and resulting death would not have occurred. A.R.S. § 13–203(A)(1); *State v. Wiley,* 144 Ariz. 525, 540, 698 P.2d 1244, 1259 (1985); W. LaFave & A. Scott, Jr., *Handbook on Criminal Law* 249 (1979).[1]

■ The record shows that there were several factors which may or may not have contributed to the fatal accident: the rain, the time of day (dusk), the distraction of Nuanez, the curve in the road, the accelerated speed at which the car was driven, and the fact that Nuanez was not wearing a seat belt, allowing him to be thrown from the car. However, there was also physical evidence that Nuanez was driving under the influence of alcohol, LSD, and marijuana at the time. Williams, who had consumed an equivalent amount of these substances, testified he felt "really drugged," and was "[j]ust staggering around." He also stated that he would have been incapable of driving at the time. The defendant, who had also consumed the same amount as Nuanez, testified at the change-of-plea hearing that he did not really know that the victim was unable to operate the ve-

---

1. The Model Penal Code § 2.03(1)(a), on which the Arizona statute is based, states causation in "but for" analysis and the American Law Institute specifically rejected the addition of the more lenient words "or which was a substantial factor in producing that result." 1 American Law Institute, *Model Penal Code and Commentaries,* § 2.03 comment 2 n. 11 (1985). However, later comments indicate that, in the case of multiple possible causes, called "concurrent causation," the "but for" limitation was not intended to exonerate defendants whose actions combined to produce the harm to the victim. Rather, the language was not explicitly amended to cover these cases because the Institute considered these cases extraordinary, and the language unnecessarily complicating.

hicle safely because he "was pretty drunk" himself. An officer who had investigated the case concluded that the accident was a result of Nuanez's drugged and intoxicated state. Other police reports stated that Nuanez's body gave off a strong smell of alcohol and that there were several open containers in the vehicle. The tire tracks on the road suggested that Nuanez had not applied the brakes at any time before the crash, and had not attempted to redirect the car when the road curved even though Nuanez was familiar with this road. While this evidence does not conclusively show that Nuanez's drugged and intoxicated state was the *only* cause of the accident, we believe it was sufficient to establish that the victim's ability to anticipate, appreciate, and avoid the driving hazard was substantially impaired. Absent defendant's supplying of drugs and alcohol, this accident would have never occurred. This record is sufficient to show "cause-in-fact" of Nuanez's death.

 The record also contains evidence of proximate cause of the death. Proximate cause requires that the difference between the result intended by the defendant and the harm actually suffered by the victim "is not so extraordinary that it would be unfair to hold the defendant responsible for the result." 1 W. LaFave & A. Scott, *Substantive Criminal Law,* § 3.12 at 390 (1986). The record supports the inference that it was foreseeable that Nuanez would be driving, and that Nuanez's ability to drive would be impaired, just as defendant's own ability was impaired, and that this impairment would result in a serious accident. *See Henderson v. Kibbe,* 431 U.S. 145, 156, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203, 213 (1977) ("[a] person who is 'aware of and consciously disregards' a substantial risk must also foresee the ultimate harm that the risk entails."). The defendant made no effort to discourage Nuanez from driving, and in fact, implicitly condoned it. It is foreseeable that a sixteen-year-old under the influence of drugs and alcohol would be unable to drive safely.

 Under Arizona law, however, proximate cause may be interrupted where another cause "with which the defendant was in no way connected intervenes, and but for which death would not have occurred." *State v. Cocio,* 147 Ariz. 277, 281, 709 P.2d 1336, 1340 (1985); *Wiley,* 144 Ariz. at 540, 698 P.2d at 1259; *State v. Hall,* 129 Ariz. 589, 594, 633 P.2d 398, 403 (1981). The defendant argues that Nuanez's driving was a supervening, or "efficient" cause which relieves defendant of responsibility. We disagree.

Our supreme court declined to decide in *State v. Dixon,* 109 Ariz. 441, 442, 511 P.2d 623, 624 (1973), whether the act of selling heroin to a purchaser who voluntarily, out of the presence of, and without the assistance of, the seller, injects the same quantity of heroin into his body and dies as a result can be the proximate cause of that death.

*State v. Melcher,* 15 Ariz.App. 157, 487 P.2d 3 (1971), is of some help on this issue. In *Melcher,* the defendant was observed drag racing down Sabino Canyon with a friend, Joe Nairn. Nairn had been picnicking with the defendant and his family in the canyon and both the defendant and Nairn had been drinking. Shortly after beginning the drive down the canyon, Nairn collided with a bridge. The defendant gave Nairn his spare tire, and the two got in their separate cars and continued the trip home. A few minutes later, the cars were seen racing down the canyon, with Nairn's car in the oncoming traffic lane. An approaching car collided head-on with Nairn's. Nairn and five people in the approaching car were killed. Nairn's blood alcohol content was .18%. The jury found the defendant guilty of vehicular manslaughter. The trial court granted a motion for new trial, in part because the court held the evidence of guilt was insufficient. On appeal, Division 2 of this court reversed. The court held that a defendant could be criminally responsible for the death of another who was the driver, if the defendant incited or encouraged the victim to participate in illegal conduct, and that conduct resulted in the victim's death. *See also Henderson v. Kibbe,* 431 U.S. 145, 97

238

S.Ct. 1730, 52 L.Ed.2d 203 (1977) (intervening act of speeding truck running over robbery victim, resulting in victim's death, does not extinguish defendant's responsibility for victim's death where defendant robbed victim and left him in the road).

As in *Melcher*, the defendant encouraged Nuanez to participate in illegal activity in a manner which included operation of a vehicle, resulting in Nuanez's death. Nuanez's decision to drive was not an independent act with which the defendant had no concern. It was an integral part of the continuation of the illegal activity. We hold that the evidence in the record was sufficient to establish that defendant's actions were the proximate cause of Nuanez's death.

### FACTUAL BASIS TO ESTABLISH THE PRIOR CONVICTION

The defendant concedes in his reply brief that *State v. Anderson*, 160 Ariz. 412, 415, 773 P.2d 971, 974 (1989), held that "a prior conviction, which was not challenged in the trial court on the basis that it was an uncounseled conviction, is entitled to a presumption of regularity for purposes of sentence enhancement." Therefore, this argument was withdrawn by the reply brief.

### CONCLUSION

The convictions and sentences are affirmed.

JACOBSON, P.J., and LANKFORD, J., concur.