IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Petitioner,*

*v.*

HON. GUS ARAGÓN, JUDGE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent Judge,*

MAX FONTES,
*Real Party in Interest.*

No. CR-20-0304-PR
**Filed March 21, 2022**

Special Action from the Superior Court in Pima County
The Honorable Gus Aragón, Judge
No. CR20182815-001
**VACATED**

Opinion of the Court of Appeals, Division Two
249 Ariz. 573 (App. 2020)
**VACATED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, John Johnson, Chief Counsel, Nicholas Klingerman (argued), Section Chief Counsel, Joshua S. Moser, Rachel Heintz, Assistant Attorneys General, Tucson, Attorneys for State of Arizona

John D. Kaufmann (argued), John D. Kaufmann, Attorney At Law, Tucson, Attorney for Max Fontes

Mikel Steinfeld (argued), Kevin Heade, Deputy Public Defender, Phoenix, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

David L. Abney, Ahwatukee Legal Office, P.C., Phoenix, Attorney for Amicus Curiae Arizona Association for Justice/Arizona Trial Lawyers Association

---

JUSTICE KING authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, JUSTICES BOLICK, LOPEZ, BEENE, and MONTGOMERY joined.

---

JUSTICE KING, opinion of the Court:

¶1        In this review of a special action opinion of the court of appeals, we consider what constitutes an intervening event in determining whether a defendant is entitled to a jury instruction on superseding cause. Because the alleged conduct of a victim of the collision in this case occurred simultaneously with the defendant's alleged criminal conduct, we hold as a matter of law that the defendant is not entitled to a superseding cause jury instruction.

## I.    BACKGROUND

¶2        In April 2018, Max Fontes was allegedly driving between seventy and ninety-five miles per hour in an area with a posted speed limit of forty-five miles per hour when he struck Angel Shelby's vehicle as Shelby was attempting to make a left-hand turn.[1]   Shelby and his seven-month-old son, G.T., were not restrained, and both were ejected from the vehicle. Shelby suffered serious injuries and G.T. died.   Shelby's blood tested

---

[1] The facts relevant to our review of the court of appeals' special action opinion are essentially undisputed.   Nonetheless, we note those facts have not been proven because this case has not yet proceeded to trial.

positive for tetrahydrocannabinol ("THC").[2]   Shelby later pled guilty to driving under the influence and endangerment.   Fontes was charged with manslaughter, two counts of aggravated assault, and criminal damage.

**¶3**        Before trial, the State filed a motion in limine to preclude Fontes from presenting evidence that (1) Shelby and G.T. were not restrained in their vehicle, (2) a post-collision blood analysis revealed the presence of THC in Shelby's blood, and (3) marijuana and a glass pipe were found in Shelby's vehicle after the collision.   The State also sought to preclude Fontes from raising a superseding cause defense.   In response, Fontes claimed he was entitled to present a superseding cause defense because Shelby's acts in failing to restrain himself and G.T., driving under the influence, and failing to yield to oncoming traffic were unforeseeable. The trial court denied the motion to preclude Fontes from raising a superseding cause defense, finding that Shelby's acts could constitute a superseding cause if the jury found they occurred, were unforeseeable, and were extraordinary or abnormal.

**¶4**        The State filed a petition for special action, and the court of appeals accepted jurisdiction and granted relief by vacating the trial court's order.   The court of appeals explained that "an intervening cause cannot be considered a superseding cause when the defendant's conduct increases the foreseeable risk of a particular harm occurring through . . . a second actor."   *State v. Aragón*, 249 Ariz. 573, 575 ¶ 7 (App. 2020) (internal quotation marks omitted) (quoting *State v. Slover*, 220 Ariz. 239, 244 ¶ 11 (App. 2009)).   The court concluded that a superseding cause instruction was precluded here because "Fontes's speeding created the foreseeable risk that a fatal accident could occur.   That Shelby's conduct increased that risk does not entitle Fontes to a superseding-cause instruction."   *Id.* at 576 ¶ 9.

**¶5**        We granted review to determine whether the court of appeals erred by accepting special action jurisdiction and by precluding a superseding cause defense instruction for Fontes.   We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

---

[2] THC is the primary psychoactive component of marijuana.   *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 343 ¶ 1 n.1 (2014).

## II. DISCUSSION

### A. Superseding Cause Jury Instruction

¶6 At the trial court, the State sought to preclude Fontes from raising a superseding cause defense. Fontes claims he is entitled to present a superseding cause defense, and he seeks a jury instruction on superseding cause. This Court has made clear that "[a] party is entitled to an instruction on any theory of the case reasonably supported by the evidence." *State v. Bolton*, 182 Ariz. 290, 309 (1995). We review a trial court's decision to give a jury instruction for an abuse of discretion. *State ex rel. Thomas v. Granville*, 211 Ariz. 468, 471 ¶ 8 (2005). A court abuses its discretion by giving an instruction contrary to law or unsupported by the record. *See State v. Romero*, 239 Ariz. 6, 9 ¶ 11 (2016); *Bolton*, 182 Ariz. at 309.

¶7 Fontes was allegedly driving well over the posted speed limit when he collided with Shelby's vehicle. Fontes concedes he contributed to the collision with Shelby's vehicle but claims his legal responsibility ended at the moment of the collision. Fontes argues Shelby's injuries and G.T.'s death occurred *after* the collision as a result of being ejected from Shelby's vehicle. Fontes claims that Shelby's (1) failure to use seatbelt restraints, (2) use of marijuana, and (3) failure to yield to oncoming traffic were all intervening, superseding events that broke the causal chain, thereby relieving Fontes of criminal liability. Fontes seeks a superseding cause jury instruction on this basis.

¶8 To obtain a criminal conviction against Fontes for manslaughter, aggravated assault, or criminal damage, the State must prove the element of causation. *See* A.R.S. § 13-203(A) (explaining when "[c]onduct is the cause of a result" for purposes of criminal liability); *see also* A.R.S. § 13-1103 (manslaughter); A.R.S. §§ 13-1203, -1204 (assault and aggravated assault); A.R.S. § 13-1602 (criminal damage). This includes the requirement to show that "[b]ut for the conduct the result in question would not have occurred." § 13-203(A)(1); *see also Torres v. JAI Dining Servs. (Phx.) Inc.*, 252 Ariz. 28, 30–31 ¶ 11 (2021) (explaining that for "'[a]ctual cause,' sometimes called 'cause in fact,'" the "key inquiry is whether [the] deaths would not have occurred 'but for' [defendant's] acts," in a civil case involving negligence and dram shop liability claims).

4

¶9       The State must also show proximate cause, sometimes called legal cause.   *See* § 13-203(A); *see also State v. Lawson*, 144 Ariz. 547, 559 (1985) (explaining it was proper for the trial court "to give a 'but for' test for causation with a proximate cause instruction"; the trial court acted properly "in defining both standards to the jury"); *State v. Marty,* 166 Ariz. 233, 236 (App. 1990); *see also Torres*, 252 Ariz. at 31 ¶ 12 (noting that "[p]roximate cause" is "sometimes called 'legal cause'").   "Proximate cause" exists if the alleged criminal act produced an injury or death "in a natural and continuous sequence, unbroken by any efficient intervening cause." *Torres*, 252 Ariz. at 31 ¶ 12 (quoting *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990)); *see also State v. Smith*, 160 Ariz. 507, 509–10 (1989). We have held in the tort context that proximate causation is broken when some other intervening act is a superseding cause of an injury or death:

> An intervening cause is an independent cause that occurs between a defendant's . . . conduct and the final harm and is necessary in bringing about that harm.   It becomes a superseding cause, which relieves the original . . . actor from liability, when an intervening act of another was unforeseeable by a reasonable person in the position of the original actor *and* when, looking backward, after the event, the intervening act appears extraordinary.

*Torres*, 252 Ariz. at 31 ¶ 12 (internal citation and quotation marks omitted); *see also State v. Bass*, 198 Ariz. 571, 576 ¶ 13 (2000) ("Our criminal standard for superseding cause will henceforth be the same as our tort standard.").

¶10        A superseding cause relieves the original actor of liability. *Torres*, 252 Ariz. at 31 ¶ 12; *see also Rossell v. Volkswagen of Am.*, 147 Ariz. 160, 168 (1985).   To determine whether an event is a superseding cause of an injury or death, the threshold issue is whether it is an intervening event. *Rossell*, 147 Ariz. at 168–69.   If it is not an intervening event, it is not a superseding cause as a matter of law.   *Id.*   In this case, therefore, to determine whether a superseding cause jury instruction is appropriate, we must first decide whether Shelby's alleged conduct was an intervening event.

¶11        "An intervening force is defined as being one that actively operates in producing harm *after* the original actor's . . . act or omission has been committed."  *Herzberg v. White*, 49 Ariz. 313, 321 (1937) (emphasis added) (citing Restatement (First) of Torts § 441 (Am. Law Inst. 1934)); *see also* Restatement (Second) of Torts § 441(1) (Am. Law Inst. 1965).   Thus, an intervening event is a "*later* cause of independent origin."  *Ontiveros v. Borak*, 136 Ariz. 500, 505–06 (1983) (emphasis added) (quoting William L. Prosser, *Handbook of the Law of Torts* § 44 (4th ed. 1971)); *see also Torres*, 252 Ariz. at 31 ¶ 12 ("An intervening cause is an independent cause that occurs between a defendant's . . . conduct and the final harm . . . ."); *Rossell*, 147 Ariz. at 168 ("An intervening cause is one which intervenes between defendant's . . . act and the final result . . . .").   But where the defendant's course of conduct "actively continues up to the time the injury is sustained, then any outside force which is also a substantial factor in bringing about the injury is a concurrent cause of the injury and never an 'intervening' force."  *Zelman v. Stauder*, 11 Ariz. App. 547, 550 (1970) (citing Restatement (Second) § 439).   Indeed, if

> the effects of the [defendant's] . . . conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the [defendant] from liability.

Restatement (Second) § 439.   This would be a concurrent cause of the injury, not an intervening cause.  *Zelman*, 11 Ariz. App. at 550.

¶12        Other Arizona cases demonstrate this point.   For example, in *Nichols v. City of Phoenix*, 68 Ariz. 124, 128–29 (1949), a driver ran a stop sign and collided with a city bus that was speeding and not keeping a lookout. The bus passengers filed suit against the city.   *Id.*   As this Court explained, "The rule that the negligence of a defendant does not render him liable for the consequences of an intervening criminal act which was not foreseen by him does not exempt him from liability *where his negligence continued to, and concurred with*, the criminal act in causing an injury."   *Id.* at 137 (quoting 38 Am. Jur. 1d *Negligence* § 71 (1941)).   This Court described the collision in *Nichols* as "a situation of presently operating concurrent negligence."   *Id.*

¶13      In *Zelman*, another car collision case, the defendant driver argued his negligence in running a stop sign and failing to observe traffic on the through street was not a proximate cause of the plaintiffs' injuries. 11 Ariz. App. at 549.   The defendant claimed the other driver's "negligence in failing to keep a proper lookout was the sole proximate cause of their injuries."   *Id.*   The court of appeals disagreed, reasoning that because the defendant's course of conduct—proceeding into the intersection in the face of oncoming traffic—"actively continue[d] up to the time the injury [was] sustained" from the vehicle collision, the other driver's conduct could not be an intervening event.   *Id.* at 550.

¶14      Similarly, Fontes' alleged excessive speeding occurred simultaneously with Shelby's alleged failure to use restraints, driving under the influence, and failure to yield.   *See id.*; *Nichols*, 68 Ariz. at 137; Restatement (Second) § 439.   Fontes was allegedly speeding excessively when he collided with Shelby's vehicle; thus, Fontes' "course of conduct . . . actively continue[d] up to the time the injury [was] sustained."   *Zelman*, 11 Ariz. App. at 550.   Accordingly, Shelby's alleged conduct is not an intervening cause.

¶15      Even if, as Fontes claims, Shelby's injuries or G.T.'s death occurred upon their ejection from the vehicle, this does not convert Shelby's alleged failure to use seatbelt restraints into an intervening cause.   In this case, Fontes' alleged criminal course of conduct had not terminated at the time of ejection; instead, the effects of Fontes' alleged excessive speeding worked in "active and substantially simultaneous operation [with] the effects of" the alleged lack of restraints (i.e., immediate ejection from the vehicle).   Restatement (Second) § 439; *see also Zelman*, 11 Ariz. App. at 550 ("[W]here the defendant's . . . [c]ourse of conduct has terminated and only the [r]isk of harm created by his prior . . . conduct is present at the time of injury then any outside force . . . may be referred to as an intervening force.").   Therefore, Shelby's alleged failure to use restraints cannot be an intervening event.

¶16      We conclude that Shelby's alleged acts and omissions cannot be intervening forces because they occurred simultaneously with Fontes' alleged excessive speeding.   *Zelman*, 11 Ariz. App. at 550.   Therefore, "the issue of 'superseding cause' is never reached."   *Id.*; *see also Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 126 Ariz. 227, 231 (App. 1980)

("'[T]he issue of superseding cause is never reached' because the conduct continued 'up to the time the injury (was) sustained.'" (quoting *Zelman*, 11 Ariz. App. at 550)). Because Shelby's alleged acts and omissions were not intervening causes, but instead were concurrent causes, they cannot be superseding causes of Shelby's injuries or G.T.'s death.

¶17 The court of appeals precluded a superseding cause jury instruction for Fontes but did not evaluate the threshold issue of whether Shelby's conduct was an intervening event in the first place. *Aragón*, 249 Ariz. at 576 ¶ 9 (precluding a superseding cause instruction because "Fontes's speeding created the foreseeable risk that a fatal accident could occur"). To determine whether a defendant is entitled to a superseding cause jury instruction, a court should *first* determine whether the event is an intervening event; this is a predicate to a superseding cause defense. *See Herzberg*, 49 Ariz. at 321–22. As previously noted, an intervening event is "one that actively operates in producing harm after the original actor's . . . act or omission has been committed." *Id.* at 321; *see also Rossell*, 147 Ariz. at 168; *Ontiveros*, 136 Ariz. at 505–06.

¶18 This is not to say that an intervening event must be set in motion after "the time when the actor's [course of] conduct was committed." *See* Restatement (Second) § 441 cmt. a. In some cases, "[a] force set in motion at an earlier time is an intervening force if it first operates after the actor has lost control of the situation and the actor neither knew nor should have known of its existence at the time of his . . . conduct." *Id.* That is not the situation here, however, as it cannot be said that the alleged lack of restraints, presence of THC in Shelby's system, or failure to yield "first operate[d] after [Fontes had] lost control of the situation." *See id.*

¶19 If, and only if, the event is intervening, the question *then* becomes whether it was unforeseeable and extraordinary. *See Ontiveros*, 136 Ariz. at 505–06 (noting on the issue of superseding cause, "the original actor is relieved from liability for the final result when, and only when, an intervening act of another was unforeseeable by a reasonable person in the position of the original actor *and* when, looking backward, after the event, the intervening act appears extraordinary").

**¶20**         We disapprove of the analysis in cases considering superseding cause where courts have failed to first establish that the event in question was, in fact, an intervening event.   For example, in *State v. Freeland*, 176 Ariz. 544, 547–48 (App. 1993), in determining whether the victim's failure to wear a seatbelt constituted an intervening superseding cause, the court of appeals evaluated the foreseeability of the victim's conduct without first addressing whether the conduct was an intervening event.   Similarly, in *State v. Vandever*, 211 Ariz. 206, 207–08 ¶¶ 5–8 (App. 2005), the court of appeals discussed the foreseeability of the victim's speeding without determining whether the speeding was an intervening event in the first place.   When considering superseding cause, Arizona courts should first determine whether an event was an intervening event before deciding if it was unforeseeable and extraordinary.

## B.  Evidentiary Issue

**¶21**         In addition to determining that Fontes was not entitled to a superseding cause jury instruction, the court of appeals also reversed the trial court's denial of the State's motion to preclude evidence that Shelby and G.T. were unrestrained.   *Aragón*, 249 Ariz. at 577 ¶ 14.   Our conclusion that Fontes is not entitled to a superseding cause instruction, however, does not preclude the use of this evidence for other purposes.

**¶22**         With respect to evidence of lack of seatbelt restraints, the court of appeals explained that "[t]he only basis for admission of this evidence discussed by the parties was to support the superseding-cause instruction.   Because that instruction is not appropriate, the evidence is not admissible *on that ground*."   *Id.* ¶ 13 (emphasis added).   In other words, the court of appeals concluded that evidence regarding lack of restraints was inadmissible *to support a superseding cause instruction*.   We agree. Although we hold that Fontes is not entitled to a superseding cause jury instruction, we take no position on whether the evidence of lack of restraints is admissible for other purposes.   The determination of whether such evidence is admissible for another purpose is within the purview of the trial court, pursuant to the Arizona Rules of Evidence.   *State v. Chambers*, 104 Ariz. 247, 248 (1969) ("The trial court has discretion to determine the admissibility of evidence . . . .").

### C. Special Action Jurisdiction

**¶23**         We also granted review on the issue of whether the court of appeals erred by accepting special action jurisdiction in this case.   Fontes does not challenge the court of appeals' acceptance of special action review, and we therefore do not address whether the court abused its discretion in doing so.   But we caution the court to carefully consider whether special action review is appropriate when the trial court has indicated its decision is preliminary and may still be subject to review and modification.

### III.     CONCLUSION

**¶24**         We affirm the court of appeals' holding that Fontes is not entitled to a superseding cause jury instruction because Shelby's alleged acts and omissions were not intervening events.   Accordingly, a superseding cause jury instruction is inappropriate as a matter of law. However, we vacate the court of appeals' opinion because it failed to analyze the predicate issue of whether Shelby's alleged acts and omissions were intervening events in the first place.   The trial court's order is vacated.