NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLTON C. REED, *Appellant.*

No. 1 CA-CR 18-0685
FILED 6-11-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-134992-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1　　This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Carlton C. Reed was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Reed, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2　　Officers Branum and Callison saw Reed walking down a poorly-lit street in the direction of their patrol car. When Callison turned on the car's spotlight, Reed dropped a white piece of crumpled paper on the ground. Both officers exited the car; Callison asked Reed for identification while Branum picked up the paper and began to unfold it, revealing a "crystal rock substance." Before Branum could fully open the paper, Reed moved toward him, slapped the paper from his hands, and attempted to run away. Branum helped Callison apprehend Reed and then collected a small amount of white substance that had not fallen from the paper.

¶3　　Reed was indicted for possession or use of dangerous drugs, a class 4 felony, and tampering with physical evidence, a class six felony. The State then filed an allegation of historical priors, stating Reed was convicted of aggravated assault in 2011.

¶4　　At the subsequent jury trial, Officer Branum testified about the events leading to Reed's arrest and a forensic scientist testified that the white substance was methamphetamine. Reed also testified, essentially arguing that he was set up by the officers. According to Reed, Branum walked down the block and came back with a piece of paper while Callison entered Reed's information into the computer. Once he was near the patrol vehicle, Branum opened the paper, asking Reed "[W]hat is this?" Reed

testified that although the paper was not his, Branum's question scared him and he "tried to run and escape" because he did not have a good history with law enforcement and did not want to go to prison.

**¶5** The jury found Reed guilty of tampering with physical evidence but could not reach a verdict as to the possession charge, resulting in a mistrial on that count. Reed waived his right to counsel and proceeded pro per during the second trial on the possession charge, which also resulted in a mistrial. The superior court then dismissed the possession charge without prejudice and sentenced Reed to the presumptive term of 1.75 years in prison, with 796 days of presentence incarceration credit. Reed timely appealed.

**¶6** After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Reed was present and represented by counsel at all critical stages of the pretrial and trial proceedings, and Reed waived his right to counsel and chose to represent himself with the help of advisory counsel at sentencing. *See State v. Cuzick*, 97 Ariz. 130, 132 (1964) (finding a waiver of counsel remains valid through sentencing absent a showing the defendant changed his or her mind and requested counsel). The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law.[1] As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Reed's constitutional and statutory rights. Therefore, we affirm Reed's conviction and sentence.

**¶7** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Reed of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Reed has 30 days

---

[1] Despite not seeking to prove any aggravators at trial, at the sentencing hearing the State invited the superior court to "consider what actual mitigation there is in this case versus what those aggravators could have been," including the absence of "acceptance of responsibility" and "[r]emorse." The State's invitation was arguably improper because, as a general rule, a sentencing judge should not consider a defendant's failure to accept responsibility or show remorse. *See State v. Trujillo*, 227 Ariz. 314, 318, 319, ¶¶ 15, 21 (App. 2011) (concluding a court's consideration of the defendant's "lack of remorse and his failure to admit guilt" at sentencing was reversible error). However, we are confident that no error occurred because nothing in the record indicates the superior court considered either of those factors when it imposed Reed's sentence.

from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA